### BERGMAN *v.* WOLFF.

*(Superior Court of Buffalo, General Term.* October 30, 1890.)

1. SUMMONING JURY—OBJECTIONS WAIVED.

    An irregularity in summoning a jury is waived by omission to challenge, so that after trial no objection can be raised.

2. STATUTES—ENACTMENT—CONSTITUTIONAL LAW.

    Const. N. Y. § 17, art. 3, provides that "no act shall be passed which shall provide that any existing law or any part thereof shall be made or deemed a part of said act, or which shall enact that any existing law or any part thereof shall be applicable, except by inserting it in such act." Sp. St. N. Y. May 20, 1880, creating the municipal court of Buffalo, provides (section 6) that the methods of procedure therein "shall be the same as are now provided by law for justices' courts, except," etc. *Held,* that said article did not prohibit the subjecting of a matter of special legislation to provisions of the General Statutes regulating the procedure, and therefore the act was constitutional.

3. MUNICIPAL COURTS—PROCEDURE.    ·

    The practice prescribed for said municipal court was not affected by the subsequent amendment of the sections of the Code regulating the drawing of a jury in justices' courts, by providing that jurors should be drawn by the justice from a list made up by the town-clerk.

Appeal from municipal court.

Action by Martin Bergman against Nathan Wolff, for damages for breach of contract. From a judgment for plaintiff, defendant appeals.

Argued before BECKWITH, C. J., and TITUS and HATCH, JJ.

*Frank Ferguson,* for plaintiff. *M. Fillmore Brown,* for defendant.

HATCH, J. The municipal court of Buffalo is a local court, created by a special statute, passed May 20, 1880, and was designed to supersede courts of justices of the peace in the city. By section 6 of said act it is provided that "the process, pleadings, practice, trial by the court or by jury, fees, costs, and disbursements, judgment by action or confession, and proceedings thereon, shall be the same as are now provided by law for justices' courts, except as otherwise provided." In 1889, the legislature amended the sections of the Code regulating the drawing of a jury in justices' courts, by requiring that thereafter the justice should, from a list made up by the town-clerk, draw the jurors from a box, and such jurors so drawn should be summoned by the constable. Under the former system, the justices delivered the *venire* to the constable, who proceeded to summon the jury. The practice followed in the present case was under the old system, and the claim is now made that such procedure was without authority of law; that there was no jury authorized to render a verdict; and that the court was without jurisdiction to render the judgment. The action was brought to recover damages for breach of contract in leasing certain premises. The court possessed power to adjudge upon the questions involved, and therefore had jurisdiction of the subject-matter. Subdivision 2, § 5, Municipal Court Act; *Hunt* v. *Hunt,* 72 N. Y. 229. The defendant was properly served with a summons, appeared, joined issue, and demanded trial by jury. The court, therefore, had jurisdiction of the person. *Lange* v. *Benedict,* 73 N. Y. 27. The judgment rendered is such judgment

as was appropriate to the action, and within the authority of the court. Having jurisdiction of the subject-matter and of the person, and rendering judgment within the prescribed limits of authority, if any error was committed, it must be classed as an irregularity merely, for a case cannot exist where jurisdiction is more ample and perfect. How the jury which rendered the verdict was summoned and impaneled is matter of small consequence in the present case, for the defendant demanded it, accepted it when impaneled, and submitted his case for its determination. He must therefore be held to have waived whatever of irregularity occurred in connection with its procurement. It was said in *Clark* v. *Van Vrancken*, 20 Barb. 280: "A challenge to a juror does not go to the jurisdiction of the tribunal, although a juror be incompetent as such. The trial is not invalidated, and the only mode by which the incompetency can be alleged and the facts constituting it introduced is by a challenge, which must be supported by proof, if the facts are disputed. Where there is no challenge, there is no issue and no basis for the proof; and the challenge must be made before the trial, otherwise the right to make it is waived. On the whole, I am satisfied that an omission to challenge is a waiver of all objection to a juror, in like manner as an omission to plead a defense is a waiver of the defense." In *Bennett* v. *Matthews*, 40 How. Pr. 428, the court held that an omission to challenge an alien, who was made by statute incompetent to sit, was waived, even though the party did not learn of the incompetency until after the verdict was rendered. Id. 435. In *Mayor* v. *Mason*, 4 E. D. Smith, 142, the court held that an irregularity in summoning a jury was ground of challenge to the array, but an objection made after the jury were impaneled and sworn came too late. *Salisbury* v. *McClaskey*, 26 Hun, 262; *Ayres* v. *Village of Hammondsport*, 11 N. Y. St. Rep. 706.

No injustice has been shown, or that defendant has been prejudiced. The objection now is therefore without merit. This conclusion results in the affirmance of the judgment appealed from, irrespective of whether or not the jury was summoned according to law; but, as it is essential that the question be settled for future cases, we have examined it, and reach the conclusion that no irregularity was committed in summoning the jury. The municipal court was created to remedy abuses which had sprung up under the old system. The practice, as it existed in justices' courts, was retained so far as it was applicable to the proposed change; but the court, as finally established, differed in essential respects from courts of justice of the peace. It consists of two judges, who are required to be counselors of the supreme court. It has a clerk, and is furnished with a seal. Its jurisdiction is enlarged, and, when the complaint is verified and served, judgment is permitted without further proof, if the defendant makes default, and the court is vested with power to open defaults. The judges are paid a salary, and are not permitted to take fees, which the clerk is required to collect, and pay over to the treasurer of the city. Justices' courts for the city were abolished. The purpose was to create a local court upon a plan different from the old courts, and entirely independent of them, except so far as certain methods of procedure were made applicable. The language of the act providing the method of procedure reads: "Shall be the same as are now provided by law for justices' courts, except," etc. Section 6. This provision did not infringe upon the constitution, (section 17, art. 3,) which declares that "no act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act." As was said by ALLEN, J., in *People* v. *Banks*, 67 N. Y. 575: "We have had occasion to consider this provision, and were of the opinion that it did not prohibit the subjecting a matter of special legislation to some provisions of the General Statutes of the state regulating the procedure. * * * By such a reference, the general

statute is not incorporated into or made a part of the special statute. The right is given, the duty declared, or burden imposed by the special statute, but the enforcement of the right or duty and the final imposition of the burden are directed to be in the form, and by the procedure, given by the other and general laws of the state. Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law." *People* v. *Hayt*, 7 Hun, 39. The act is therefore a constitutional enactment. While the act referred to is not incorporated into the special statute, yet it furnishes a mode of procedure for its proper and effectual execution.

Is it repealed or the practice changed by the subsequent amendment of the general law referred to? If so, then it must be by implication, for the amendment in no manner refers to the municipal court, nor does it pretend to confine the amendment to any of the special features of the municipal court act. Repeal by implication is not favored. It is only in cases where there is a clear and manifest intention to repeal, or the two statutes are so repugnant in terms that they cannot be reconciled. *Mark* v. *State*, 97 N. Y. 578.

It is also a rule of construction that a special statute, applicable to a particular locality, and providing for a special purpose, is not repealed by the passage or amendment of a general statute, unless the intent to repeal or change the special law be clearly manifest, even though the terms of the general act, strictly construed, would, except for the special law, embrace the case or cases thus provided for. *Buffalo Cemetery Ass'n* v. *City of Buffalo*, 118 N. Y. 61, 22 N. E. Rep. 962.

There is no inconsistency or repugnancy in permitting the general law to be changed with respect to justices' courts in towns, and retaining the former practice as applicable, in part, to a special court in a city having, in many of its features, nothing in common with justices' courts; it in no wise disturbs the harmony of the system, nor conflicts with the due administration of the law by both. *In re Curser*, 89 N. Y. 401. There is here no inconsistency, and, under the authorities cited, it seems clear that the two can stand together.

But the claim is made that, as the prior law was not incorporated in the special act, and as the prior law is now repealed by the amendment, there is no law in existence to which the reference can apply, except to the law as amended. This contention is not in harmony with the adjudication of the court of appeals. *In re Main Street* 98 N. Y. 454. In that case it appeared that in 1859 a charter for the village was passed, and, in respect to the opening, laying out, and widening of streets, it provided that the procedure should conform to the provisions of article 4, tit.1, c. 16, pt. 1, of the Revised Statutes, which was the general highway act, so far as the same can be made applicable. In 1875 the legislature amended the Revised Statutes referred to, making material changes. In 1880 an act was passed amending and consolidating the charter of the village, and re-enacting the former section, referring to the Revised Statutes. Proceeding was taken to alter and widen Main street in said village, and was prosecuted under the Revised Statutes as they stood before amendment. Objection was made there, as here, that jurors to certify to the necessity of the proposed change were not drawn in accordance with the amendment. In disposing of the question, the court say: "Except for the re-enactment of the section in the charter of 1880, it would be plain that the change in the manner of selecting jurors under the general statute, amending the Revised Statutes, and providing that jurors should be drawn by the town-clerk, etc., would not apply to the village of Sing Sing. * * * A subsequent amendment of the general law would not operate *ipso facto* as an amendment of the charter. If the act of 1859, in place of incorporating by reference the provisions of the Revised Statutes into that act, had re-enacted these provisions in full, it could not be claimed

that subsequent amendments of the general law would change the charter, and the case is not changed by the mere form of the enactment." This case is decisive of the question raised here. The jury was properly drawn, according to the law and practice prescribed by the act. Judgment appealed from affirmed, with costs. All concur.