The Ohio and Mississippi Railway Company v. Stein.

No. 17,052.

THE OHIO AND MISSISSIPPI RAILWAY COMPANY v. STEIN.

140 61
140 655
140 61
151 308
140 61
162 110
140 61
166 160
168 475

PLEADING.—*Complaint.*—*Filing Additional Paragraph after Reversal by Supreme Court, and Order for New Trial.*—*Amendment of Pleading.*—*Practice.*—Where, after the reversal of a case in the Supreme Court, and it has been remanded for a new trial, an additional paragraph of answer is filed, which amounts to only a restatement of the original cause of action, in which other allegations as to defects in the engine complained of were made, there was no invasion of the defendant's right in the filing of this additional paragraph.

STRUCK JURY.—*Objection to Manner of Selecting.*—*When can not be Made.*—Where a struck jury has been requested, a party can not participate in the selection, and take his chances on securing a favorable verdict, and afterwards object to the manner in which the selection was made.

EVIDENCE.—*Practice of Engineer in Making Running Switches.*—*Railroad.*—Where the practice of an engineer, in making running switches, is sought to be shown, the engineer himself is competent to answer as to such practice, if proof thereof is admissible; but a fireman who was serving with the engineer on the particular occasion, and had been serving as fireman with said engineer for about three months previous, is not competent to testify as to such practice where his knowledge as to other running switches, made by such engineer, is not positive.

SAME.—*Erroneous Admission of.*—*When Express Withdrawal will Cure Error, When not.*—Where evidence has been improperly permitted to go to the jury, the error may be cured by an express withdrawal, provided that it is not of such a character that its express withdrawal by the court would not have cured the error.

SAME.—*How a Party may Contradict his Witness.*—A party may, in all cases, contradict his own witness by other evidence and by showing that he has made statements different from his present testimony.

MASTER AND SERVANT.—*Railroad.*—*Notice of Defective Engine.*—*Foreman of Shops.*—Notice to the foreman of a railroad company's machine shops, of the defective condition of an engine, is notice to the company.

SAME.—*Vice-Principal.*—*Fellow-Servant.*—A servant appointed by the master to perform duties owing by the master, is not, in the performance of such duties, a co-employe.

SAME.—*Foreman of Machine Shops.*—*Capacity of.*—The foreman of machine shops may be both a fellow-servant and a vice-principal.

The Ohio and Mississippi Railway Company v. Stein.

SAME.—*Erroneous Instruction.*—*Negligence of Fellow-Servant.*—*Recovery.*—In an action by a brakeman against a railroad company for damages for personal injury by reason of defective engine, an instruction that for any act of negligence on the part of the engineer, fireman, and other brakemen, he can not recover, is an erroneous statement of the law.

RECOVERY.—*Personal Injury.*—*Money Paid Out for Medical Attention.*—*Erroneous Instruction.*—*Harmless Error.*—Where the first and the fourth paragraphs of complaint, in an action for damages by reason of personal injuries, alleged that "in consequence of said injuries he was compelled to incur great expense to secure medical attention, and paid out on account thereof two hundred dollars," but no such allegation is made in the second and the third paragraphs, it was error to instruct the jury that "in estimating the plaintiff's damages you will take into consideration expenses actually incurred by him for medical attention," where only a general verdict is returned; but the giving of such instruction was renderd harmless, since there was no evidence as to the value of such services or as to any amount paid by the appellee therefor.

From the Jefferson Circuit Court.

*J. McGregor* and *E. Barton,* for appellant.
*C. A. Korbly* and *W. O. Ford,* for appellee.

HOWARD, J.—The appellee was a brakeman on one of appellant's freight trains, and has brought this action to recover damages for injuries alleged to have resulted from the failure of appellant to furnish safe appliances for the performance of his duties as such brakeman. The car upon which appellee was injured was loaded with heavy stone, and was, at the time, detached from the engine in order to be run in upon a switch. The engine passed the switch and then stood upon the track, while the switch was opened to allow the car upon which appellee stood to enter the switch. It was, however, then discovered that many cars stood upon the switch, and appellee applied the brakes to reduce the speed of the stone car upon which he was standing, so that it might not crash against the cars on the switch; but he found that when the brake was turned so that it was

wound up fully the brake shoes were not brought upon the car wheels, and it became impossible to reduce the speed of the car. The switch was then shut; and it is alleged, that appellee then signalled to the engineer to go ahead with the engine so as to avoid a collision on the main track, between the car and the engine; that the engineer tried to use his levers to set the engine in motion, but could not do so, and the car came with great force upon the engine, causing a displacement of the stone upon the car, by reason of which appellee's foot was injured.

The complaint was originally in three paragraphs.

In the first it was alleged that the accident was caused by a defect in the cylinder-cock, which appellant had neglected to repair, by reason of which the levers of the engine could not be moved away from the coming car of stone.

In the second paragraph it was charged that the brake upon the stone car was defective, so that appellee was unable to stop the car in time to avoid the collision; and, in the third paragraph, it was alleged that both the brake and the cylinder-cock were negligently allowed by the appellant to remain in a defective condition.

In the former appeal, 133 Ind. 243, these paragraphs of complaint were held good. On the return of the case to the court below, a fourth paragraph was added, in which the main allegations of the other paragraphs were repeated, and in which other allegations as to defects in the engine were made.

We do not think this fourth paragraph of the complaint stated a new cause of action. The restatement of the original cause of action, whether in the form of an amendment to the complaint or by means of an additional paragraph, does not constitute the bringing of a new action. The rule, as approved by this court in the

case of *Blake* v. *Minkner*, 136 Ind. 418, is that "where the amendment does not change the cause of action nor deprive the defendant of any defense which he had to the original suit, the plaintiff's right shall be preserved." There was no invasion of appellant's right in the filing of this fourth paragraph. See, also, *Jeffersonville, etc., R. R. Co.* v. *Hendricks, Admr.*, 41 Ind. 48; *Evans* v. *Nealis, Admr.*, 69 Ind. 148; *Chicago, etc., R. R. Co.* v. *Bills*, 118 Ind. 221.

Instruction eight, asked by the appellee and given by the court, being based upon the allegations of the fourth paragraph, was, therefore, good, and the court did not err in giving the same to the jury.

At the proper time the appellant filed a request in writing for a struck jury, and notice of the time and place of striking the jury was given by the clerk. A list of forty names was made out by the clerk, and at the time and place designated the appellant and appellee, alternately, struck off twenty-four of said names. The clerk returned into court the names of the sixteen remaining jurors, whereupon the appellant excepted and moved the court to reject the list of forty jurors selected by the clerk and also the list of sixteen jurors returned into court, and also to require the jury commissioners to select the list of forty persons as jurors. This motion the court took under advisement and afterwards overruled, and a venire for the sixteen struck jurors was duly issued. Appellant excepted to the overruling of the motion to reject the list of forty persons selected by the clerk and to the other rulings connected therewith, and time was given during the term to file a bill of exceptions. Appellant, however, failed to file such bill of exceptions, and we do not think that any question is, therefore, presented on the ruling complained of. Besides, we do not think that parties could thus join in

striking a jury and afterwards object to the persons thus selected, giving no reason but simply the manner of selection, in which appellant had voluntarily participated. Appellant did not, moreover, object to the panel when they came into the jury box to try the case. A party can not thus take chances on securing a favorable verdict and afterwards object to the manner in which the jury was selected. Even, therefore, if the question were before us, we do not see that any error was committed. It is not said that the jury selected was in any way unfitted to try the cause.

It is claimed as error that the court refused to allow proof to be made by the fireman on the engine, as to what was the practice of the engineer "when running switches were being made, as to throwing his reverse lever in the forward motion after having stopped his engine."

The ruling of the court was that the witness might say what the engineer did on that occasion, but not what had been his practice. Even if it were competent to show the engineer's practice, we do not think the witness was himself competent to give evidence on the subject. He testified, as preliminary, that he had been serving for about three months as fireman with the engineer; and when asked whether he had ever made any other "running switches," answered: "Yes, sir, I think we had."

If the engineer had in fact any such practice as inquired for, we think this fireman was not shown to have sufficient knowledge to testify as to the matter. The engineer himself was competent to answer as to such practice, if it were competent to make proof of the practice. He did testify, and very fully, not as to his practice simply, but as to what he did on the occasion of the accident. It was what the engineer did on that occasion,

and not what he may have done at other times, that was competent. No harm, therefore, could have been caused by the exclusion of the fireman's testimony as to the engineer's practice, even if he were shown qualified to give such testimony, which we think he was not.

Whether it was error for the court to permit appellee to testify that he was a married man, we need not decide, for the court expressly withdrew this evidence from the jury. It may be, as counsel for appellant argue, that evidence might be so vital to the decision of a case that even by withdrawing it from the jury the court could not cure the error of its admission; but we do not think this evidence, even if objectionable, was of such a material character as that its express withdrawal by the court would not have cured any error occasioned by its introduction. See Elliott App. Proced., section 701, and authorities cited.

The engineer was called as a witness by both parties. After he had been called and examined by appellant, he was cross-examined by appellee, and being asked if he had not, at the time of the accident, made statements as to the defective condition of the cylinder-cock different from the statements made in his examination on the trial, he answered: "Not that I know of."

It is claimed as error that appellee introduced testimony to contradict the evidence thus given by the engineer; that appellee could not thus impeach a witness called by himself.

It is true that a party can not impeach his own witness; but by section 515, R. S. 1894 (section 507, R. S. 1881) a party may at all cases contradict his own witness "by other evidence, and by showing that he has made statements different from his present testimony." We think there was no error in admitting the testimony in contradiction of the testimony given by the engineer

on the trial. In addition, the court very fully charged the jury as to the credit to be given to a witness called by a party. No harm was suffered by appellant by reason of the alleged error complained of.

The following instructions are claimed to be erroneous:

"7. You will next inquire whether the defendant knew of the defective condition of said locomotive engine long enough before the time of the accident to have repaired the same, and negligently used and required its servants to use it on the day of said accident, in such defective condition. And in this connection you are instructed that notice thereof to the foreman of defendant's machine shop at Louisville, Ky. (if given by the engineer, Brumblay, on the evening before the accident), was notice to the defendant, and would charge the defendant with knowledge of its defective condition."

"14. If the engineer in charge of the locomotive on which the cylinder-cock on one of its engines was broken off and the opening plugged up, took said locomotive into the roundhouse or machine shop of the defendant at Louisville, and notified the foreman in charge of said shop of said defect; and if you find that repairs of such defects were then made at said shop, then you will find defendant had notice of said defects."

It was proven that the engineer did give such notice; and we think the instructions form a correct statement of the law in relation thereto.

Because the foreman of the round house or machine shop at Louisville was in some respects the fellow-servant of appellee, it does not follow that he was so in all respects.

In *Indiana Car Co.* v. *Parker*, 100 Ind. 181, the court says: "The duty of the employer to provide safe machinery and appliances is a continuing one. Thompson (2 Neg., 984), says: 'But the master does not dis-

charge his duty in this regard by providing proper and safe machinery, or fit servants, in the first instance, and then remaining passive.   It is a duty to be affimatively and positively fulfilled and performed.   He must supervise, examine, and test his machines as often as custom and experience require.'   *   *   *   Ordinary care requires that a master shall take notice of the liability of the parts of the machinery to decay from age, or wear out by use.''

The master's duty is a continuing one.   When also he appoints some other person to perform the duties which are thus owed primarily from himself, then the appointee represents the master; and though in the performance of such duties the appointee may be, and is, a servant to the master, yet in these respects, that is, as to performing the duties of the master, he is not a co-employe.   Beach Contrib. Neg., sections 349, 356, and notes; *Mitchell* v. *Robinson*, 80 Ind. 281; *Nall, Admr.*, v. *Louisville, etc., R. W. Co.*, 129 Ind. 260.

It is claimed that the court erred in refusing to give the following instructions:

"40. I charge you that the plaintiff was a fellow-servant of the other members of the train crew, including the conductor and engineer, and that for any act of negligence on the part of them or any of them he can not recover in this action."

"41. I charge you that the plaintiff was a fellow-servant of the engineer, fireman and other brakemen, and that for any act of negligence on the part of them, or any of them, he can not recover in this action."

The theory of the complaint was that the accident occurred by reason of the defective appliances furnished by appellant.   The instructions, ignoring wholly the allegations of the complaint, charge that for any act of

negligence of any of the train crew the appellee could not recover.

This charge should certainly be so modified that the act of negligence referred to should be one contributing as an approximate cause to the injury of the appellee. Besides, in case the theory of the complaint should be established, and it should be made to appear that one approximate cause of the injury was the negligence of the appellant in the defective condition of the engine and brakes, or either, then even if the negligent acts of the train crew should also have contributed to the injury, still the master would be liable, and appellee could recover in the action. It is certain, therefore, that the instructions as requested did not correctly express the law on any theory of the case, and whether the evidence showed that the train crew were or were not guilty of negligence.

Instruction forty-four, requested by appellant, was properly refused also, for reasons similar to those given in relation to instructions forty and forty-one.

In the first paragraph of his complaint, appellee alleged that "in consequence of said injuries he was compelled to incur great expense to secure medical attention, and paid out on account thereof two hundred dollars." A like allegation was made in the fourth paragraph, but no such allegation was made in either the second or the third.

It is contended that, as based upon the foregoing allegation, the nineteenth instruction given by the court at the request of the appellee was erroneous, because by it the jury were told: "In estimating the plaintiff's damages, you will take into consideration expenses actually incurred by him for medical attention."

This instruction is claimed to have been erroneous for the reason that the jury found only a general verdict for

the appellee, and it can not be known upon what one or more paragraphs of the complaint the verdict was based. The instruction, therefore, amounts to a charge that even if the jury should find for the plaintiff exclusively upon a paragraph of the complaint which alleged no expenditure for medical expenses, yet they might award him damages for expenses actually incurred.

It seems that this contention must prevail. The instruction as to expenses for medical services is clearly erroneous. But it is conceded that there was no evidence as to the value of such services, or as to any amount paid by appellee therefor. The instruction, therefore, though erroneous, was harmless to appellant. Such was the holding of this court in the case of *Lytton* v. *Baird*, 95 Ind. 349.

In harmony with this holding, it has also been held, in the case of *City of Indianapolis* v. *Scott*, 72 Ind. 196, in a well considered opinion by WORDEN, J., that it will not be presumed that a jury will find anything except from the evidence, or that they will even consider any matters not shown by the evidence. This holding was reaffirmed in an equally well reasoned opinion by ELLIOTT, J., in the case of *Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409.

The alleged errors assigned and discussed by counsel not disclosing any cause sufficient for the reversal of this case, the judgment is affirmed.

Filed Dec. 21, 1894.