## No. 12,027.

### STATE OF LOUISIANA VS. BEN. DICKERSON.

That a jury was ordered and summoned to attend at a civil term of the District Court in one of the parishes of the State, whereat the grand jury who found the indictment against the defendant, and the petit-jury who tried and convicted him, were selected and organized, is not ground for new trial or arrest of judgment.

APPEAL from the Twentieth Judicial District Court for the Parish of St. James.  *Guion, J.*

*M. J. Cunningham*, Attorney General, and *Oscar D. Billon*, District Attorney, for Plaintiff, Appellee.

---

*Edward N. Pugh* and *Henry L. Himel* for Defendant, Appellant.

---

Submitted on briefs January 11, 1896.
Opinion handed down January 20, 1896.

---

The opinion of the court was delivered by

WATKINS, J. The defendant was indicted and tried for murder, convicted of manslaughter and sentenced to ten years' imprisonment in the penitentiary, and from that sentence he prosecutes this appeal, relying on a single bill of exceptions.

The defendant having been indicted on the 12th of November, 1895, was tried and convicted on the 20th of same month. Subsequently, a motion for a new trial was filed and overruled, and then a motion in arrest of judgment was filed and refused, the defendant's counsel retaining a bill of exceptions to each ruling of the court.

The motion for a new trial charges, " that all the proceedings had in the said matter"—the case on trial—" are absolutely null and void, and *coram non judice*. That defendant has been tried without any true bill having been found by a grand jury; and the petit jury empaneled were so empaneled illegally and without warrant of law, and consequently the whole proceedings had in said cause are entirely without force or effect.

"That the order of court, bearing date July 1895, ordering a grand jury to be summoned and convened at the regular term of this court beginning on the second Monday of November, 1895, and under which said order the grand and petit jurors were summoned, is, on its face, an absolute nullity. That the District Judge is absolutely without power or authority to order a jury for a civil term; and that such order is in direct contravention of Art. 117 of the Constitution of the State, and all proceedings had before said jury are *coram non judice*,

" That defendant could not be legally tried except before a jury legally called and convened according to law, at the time and place fixed by law.

"That the General Assembly of this State has made no provision for the trial of capital cases at a civil term of the court; and the action of the District Court is null and void, and the court without jurisdiction *ratione materiæ* to try your mover herein at the present civil term, said civil term being regularly fixed as required by law. That the finding of a true bill by a grand jury is a condition precedent to giving the court jurisdiction, and any trial without this finding is contrary to the Constitution of this State and to the Constitution of the United States."

The motion specifies other matters as grounds for relief, but which need no mention, as they appertain to matters *in pais*, of which the record furnishes no proof.

The motion in arrest of judgment is based on the same grounds condensed and stated as follows, viz. :

"That the record shows that the present term of court is a civil term, and the court has no power, right or authority to order a grand or petit jury for said civil term, and its acts in so doing are null and void, the court being without jurisdiction and the proceedings *coram non judice.*"

The proceedings are perfectly regular in form, and predicated upon an indictment found and presented by a grand jury which was duly empaneled by a perfectly competent court, in term time.

After due and proper proceedings, in the presence and hearing of the defendant and of his counsel, the defendant was convicted by a jury of his peers, in the drawing of which he participated.

Manifestly his application came too late, after having taken the chances of a verdict of acquittal, and having a verdict rendered against him.

The grounds of his motion for a new trial should have been urged in a challenge to the array, and prior to issue having been joined on the indictment found.

In State vs. Jackson, 36 An. 96, the complaint was "that the grand jury that found the indictment was illegally formed," and the court said that "his motion is answered by two fatal considerations: First, (that) all objections to the manner of drawing and composing the grand jury must be made and urged before plea and trial, and come too late after trial and verdict.

"Second. All such objections, when made after trial, are met by the consideration that an accused can not be allowed to take his

chances of an acquittal in a trial by an alleged defective jury, and, if convicted, to fall back on an objection which should have been urged before trial.

"This rule can now be considered as elementary in our practice. State vs. Watson, 31 An. 379; State vs. Miles, 31 An. 825; State vs. Washington, 33 An. 825;" State vs. Johnson, 31 An. 368.

In the same case (36 An. 96) the court further said:

" Criminal jurisprudence has crystallized the rule, that judgment will not be arrested on the ground of irregularities in the summoning of the jury, or the composition of the grand jury.    State vs. Swift, 14 An. 825; State vs. Thomas, 35 An. 24; State vs. White, 35 An. 96; State vs. Harris, 30 An. 90; State vs. Wittington, 33 An. 1404."

In State vs. Miller, 36 An. 158, there was presented the identical question we have before us, viz.:

" The motion sets out the *incompetency* of the jury by reason of the term of the court at which the accused was tried being a *civil* term and not a jury term," and the court said:

"Inasmuch as the principle is elementary that (a motion in arrest of judgment) must be founded on some substantial defect in the indictment, or in the proceedings of the prosecution under it, patent on the face of the record, it is evident that (it) is excluded from our consideration.    Wharton on Criminal Law, Sec. 4043; State vs. Addison, 15 An. 185; State vs. Harris, 30 An. 91; State vs. Crawford, 32 An. 526;" State vs. Chandler, 36 An. 177; State vs. Claude, 35 An. 74; State vs. McGee, 36 An. 206.

On reason and authority the judgment appealed from is affirmed.