### FENWICK v. STATE OF INDIANA.

[No. 24,525.    Filed February 19, 1926.]

1. CRIMINAL LAW.—*Irregularities in selection of prospective jurors by jury commissioners waived by accepting such jurors on the trial of a case.*—Irregularities in the selection of prospective jurors by the jury commissioners were waived by accepting the jurors on the trial of a case, where an examination of the records in the clerk's office would have disclosed the facts in time to have interposed objections by a plea in abatement.    p. 573.

2. CRIMINAL LAW.—*Prosecuting witness may be questioned as to how he came to sign affidavit when cross-examination left inference it was signed for revenge.*—Where the cross-examination of the prosecuting witness left room for inferring that his motive for making the affidavit on which the prosecution was based was revenge, it was proper, on redirect examination, to ask him to give the circumstances under which he signed the affidavit and to explain how he came to sign it, although such evidence ordinarily would not be admissible.    p. 574.

3. INTOXICATING LIQUORS.—*Question of whether sale was actually made as charged one for the trial jury.*—Where the evidence is conflicting as to whether or not there was a sale of intoxicating liquor, the question is entirely for the jury trying the case.    p. 575.

From Delaware Circuit Court; *Clarence W. Dearth,* Judge.

Vonnie Fenwick was convicted of selling intoxicating liquor, and he appeals.    *Affirmed.*

*Walterhouse & Miller* and *A. E. Needham,* for appellant.

*U. S. Lesh,* Attorney-General and *Cronk & Wilde,* for the State.

MYERS, J.—Appellant, in the court below, was convicted of the offense of selling intoxicating liquor to one

Henry Foreman. §1, Acts 1921 p. 736. The overruling of his motion for a new trial is the only error relied on for a reversal of the judgment rendered against him.

While appellant's motion for a new trial contains twenty-four specifications, he here urges but three of them, namely: Illegally selected petit jury for the April term of the Delaware Circuit Court, at which term and before which jury appellant was tried; error of the court in admitting certain evidence; and want of evidence to support his conviction.

The affidavit upon which appellant was tried was filed December 28, 1922. He was arrested January 2, 1923, and tried before a jury the following April 25.

Appellant's first objection to the manner of selecting the regular jury for the April term of court was made at the time of filing his motion for a new trial,

1. in which he incorporates his affidavit wherein he makes it appear that while the court appointed jury commissioners at the November term, 1922, they did not take the oath of office until the January term— January 2, 1923—and made no effort to select persons for either grand or petit jury service prior to that date. Furthermore, on January 2, 1923, upon the order of the Delaware Circuit Court, the jury commissioners so qualified then and there purged the jury box of all names, and selected and placed in the box the names of fifty persons to act as jurors, and from which the names of twelve persons were drawn for petit jury service for the January term, 1923. At no time was there any record entry in the clerk's office or order-book entry of the Delaware Circuit Court showing the names of the persons composing the jury as the regular panel for the April term of that court. Other failures to comply with the requirements of §§1817, 1820, 1822 Burns 1926, §§1664, 1665 and 1668 Burns 1914, are

pointed out, which, if true, indicate slight attention was given to the requirements of these statutory provisions. There is no claim of fraud or corruption in selecting the names of persons for jurors, or tampering with the jury box to the prejudice of appellant. He, under oath, disclaimed any knowledge by himself or his counsel of the facts set forth in his affidavit until after the jury had returned its verdict. This is not a sufficient showing of diligence. *Smith* v. *State* (1919), 188 Ind. 501, 124 N. E. 698. An examination of the public records in the clerk's office any time after his arrest and before April 25, the date of the trial, would have disclosed all the facts of which he claims ignorance. Upon the circumstances shown, appellant, by accepting the jury to try his case, waived all right to question the manner in which the jurors had been drawn. Hence, we hold that the objections now urged as to the qualifications of the jury commissioners, and the manner of selecting the panel for the April term, whatever merit they may have, came too late. *People* v. *Duncan* (1913), 261 Ill. 339, 103 N. E. 1043; *State* v. *McClain* (1921), 191 Iowa 750, 183 N. W. 305; *State* v. *Page* (1908), 212 Mo. 224, 239, 110 S. W. 1057; *State* v. *Dickerson* (1896), 48 La. Ann. 308, 19 So. 140; *Bergman* v. *Wolff* (1890), 11 N. Y. Supp. 591; *Commonwealth* v. *Freeman* (1895), 166 Pa. St. 332, 31 Atl. 115; *Burton* v. *Ehrlich* (1850), 15 Pa. St. 236; *State* v. *Cole* (1849), 28 Tenn. 626. In *Harris* v. *State* (1900), 155 Ind. 265, 276, 58 N. E. 75, it is said: "If there was anything illegal or irregular in respect to the impaneling of the grand jury, appellant should have interposed such objections by plea in abatement."

It is contended that error was committed in permitting a witness to give a conversation with a third

2. party without the presence and hearing of appellant. Generally speaking, such evidence is not

admissible, but, in this case, the witness to whom the alleged sale was made signed the affidavit which resulted in appellant's arrest. After this witness had testified to having bought, on August 19, 1922, a quart of "Cedar Brook" whisky from appellant, and for which he paid him twelve dollars, and ten dollars for some gin, on cross-examination he was questioned concerning his motive for signing the affidavit, leaving the inference that the signing was a matter of revenge growing out of some trouble between the wife of appellant and the wife of this witness. On re-direct examination, he was asked how he came to sign the affidavit, whereupon, over appellant's objection, he answered: "Well, the judge (city court) asked me where I got the liquor and, of course, I told him. That's the way I come to tell him, and the prosecutor wrote out the affidavit and when he got through, he says, 'Sign this' and I signed it." In view of the cross-examination, the witness was entitled to explain just how he came to sign the affidavit, and the court did not err in permitting him to do so.

Lastly, it is insisted that the evidence was insufficient to show a sale. Whether or not there was a sale depended entirely upon whom the jury would believe, and, in such a case, the fact of a sale or not was a question entirely for the jury.

3.

The record at bar does not disclose reversible error. Judgment affirmed.