SOUERDIKE ET AL. *v.* STATE OF INDIANA.

[No. 26,962. Filed June 7, 1938. Rehearing denied September 28, 1938.]

*Louis A. Savage,* and *Lutz & Johnson,* for appellants.

*Omer S. Jackson,* Attorney-General, and *Patrick J. Smith,* Deputy Attorney-General, for the State.

TREMAIN, J.—An affidavit was filed in the Dubois Circuit Court charging Frank Souerdike, Geoffrey Brothers, and Ott Workman with an attempted robbery while armed. Workman was not brought to trial. Souerdike pleaded guilty and was sentenced to prison. Brothers, the appellant herein, pleaded not guilty, was tried before a jury, convicted, and sentenced to life imprisonment.

In preparation for trial, the court, upon request of the prosecuting attorney, ordered a special venire of 50 names to be drawn for jury service. In directing the clerk of the court to draw the special venire, it was ordered that the clerk, the jury commissioners, and the sheriff of Dubois County should not divulge the names contained in the special venire, or make extra copies thereof, and especially directed that the names of the persons drawn be not furnished to either the State of Indiana or the defendant until the sheriff made his re-

turn on the special venire, to which order and ruling
of the court the defendant at the time objected and ex-
cepted, asked, and was granted, ten days within which
to reduce his objections to writing and file a special bill
of exceptions. The bill of exceptions was filed, which
contained the written objections of the appellant to the
order of the court. The objections recite that one
Luegers was the sheriff of Dubois County and the prose-
cuting witness at that time and verified the affidavit
upon which appellant was prosecuted; that under the
statute appellant and his counsel were entitled to a list
of names in order to investigate the environment, char-
acter, reputation, and standing of each person so drawn,
and to aid them in a proper *voir dire* examination of the
jurors; that appellant was prejudiced further by the
fact that the sheriff, as the prosecuting witness, had
possession of the names, and thereby was given undue
advantage of the appellant; that it was the duty of the
clerk to draw the names of the special venire from the
jury box publicly, and to immediately record the names
in the order book and certify thereto.

The appellant's motion for a new trial, part
of which is set out in appellant's brief, is as
follows:

"1. Irregularities in the proceedings of the
Court and order of the Court and abuse of discre-
tion by which the defendant was prevented from
having a fair trial in this, to-wit:
"a. The sustaining by the Court of the State of
Indiana's motion for a Special Venire by the Court
and the order of the Court made sustaining said
motion and ordering that the Sheriff of Dubois
County not divulge the names contained in said
Special Venire so drawn, all as appears fully in
defendant's Bill of Exceptions No. 1; a copy of
which is incorporated herein, marked exhibit '1'
and made a part of this motion."

The state contends that the appellant has failed to

comply with the statute by not setting out in his brief either the motion for a new trial or the substance thereof. The quotation above given clearly indicates that appellant sufficiently complied with the statute by giving the substance of the only question which he presents for consideration on appeal.

Grand and petit jurors are drawn pursuant to Section 4-3306 Burns' Ind. St. 1933, §1270 Baldwin's Ind. St. 1934, which provides that, at 10 o'clock A. M. on the Monday preceding the commencement of any term of any criminal court, or circuit court where there is no criminal court, the clerk shall produce the box containing the names of jurors, open the same in his office and publicly draw the grand and petit jury, and at the time "enter a list of the names so drawn upon the order-book of the court, and annex his certificate of the fact."

Provision is made by Section 4-3309 Burns' Ind. St. 1933, §1271 Baldwin's Ind. St. 1934, for drawing a special venire when the court is of the opinion that the same may be necessary. The special venire is to be drawn from the box by the clerk under the provisions of the preceding section, Section 4-3306 (§1270 Baldwin's), *supra*. Section 4-3309 (§1271 Baldwin's) *supra*, further provides that, if the box containing the names of the jurors is exhausted, the same shall be selected as provided by Section 4-3304 (§1267 Baldwin's Ind. St. 1934). By reading the sections together it will be seen that the same method is provided for drawing the regular and special juries from the jury box. In either case the clerk shall draw the names publicly and shall, at the time of drawing the same, enter a list of the names so drawn upon the order book of the court and certify thereto.

The statute was not followed in this case, as shown by the order of the court and the affidavit of the appel-

lant brought forward in special bill of exceptions No. 1. The order of the court was made in violation of a statute which expressly provides for a public drawing and a record of the names in the order book at the time. The appellant was entitled to know the names of the jurors at the time of the public drawing provided by statute, and not wait until the sheriff's return was made, which might be the day of the trial.

The state has challenged the manner in which appellant has attempted to present this question, and contends that, even if there be an irregularity in drawing the special venire, the appellant has not presented the question to this court to warrant consideration. The appellant contented himself by making objections to the manner of the drawing at the time, March 23rd. When the trial began, March 30th, appellant proceeded to trial, as shown by the record and by his brief, without challenging the array, or making objection to any juror called to serve. As far as the record discloses the appellant may have been satisfied with each juror. Appellant and his attorneys had full knowledge of the manner in which the special jury was drawn and the order of the court seven days before the commencement of the trial. He did not object to going to trial before the jury impaneled. To have saved the question he should have renewed his objection at the commencement of the trial, and reserved the question for review in this court. Under the circumstances existing, it is clear that the appellant, by accepting the jury to try his case, without objection at the time, waived all right to question the manner in which the special venire was drawn. Regardless of the merits of the objection to the order of the court in directing the jury to be drawn, the appellant is without relief in this court on the record presented by him. *Fenwick* v. *State* (1926), 197 Ind. 572, 150 N. E. 764; *State* v. *House, Mayor* (1918), 187

Ind. 353, 118 N. E. 528; *Smith* v. *State* (1919), 188 Ind. 501, 124 N. E. 698; *The Ohio and Mississippi Railway Company* v. *Stein* (1894), 140 Ind. 61, 39 N. E. 246.

No other question is presented for the consideration of this court.

Finding no reversible error in the record, the judgment of the lower court is affirmed.