BOYLE *v.* STATE OF INDIANA.

[No. 29,221. Filed April 6, 1955.]

*Cecil C. Tague, Sr.,* of Brookville, for appellant.

*Edwin K. Steers,* Attorney General, *Richard M. Givan,* Deputy Attorney General, and *Clayton L. Bond,* Prosecuting Attorney, for appellee.

LEVINE, J.—This is an appeal from a judgment rendered upon the verdict of the jury in a criminal prosecution under date of March 1, 1954, wherein appellant was charged by affidavit with driving while under the influence of intoxicating liquor. Appellant was found guilty by the jury, and judgment was rendered accordingly.

(1) Appellant claims irregularity in the proceedings of the court in the seating of prospective jurors at the commencement of the trial. The record fails to disclose any objections made by appellant at the time of such proceedings, or any ruling of the court on such objections, and, further, the record fails to disclose any objection made by appellant to the acceptance of the jury at the time of trial. In fact, the contrary is demonstrated by the fact that the defendant (appellant herein) accepted the jury. By failing to properly save the question for presentation to this court on appeal, appellant has waived said question, and it must be assumed that the jury was acceptable to him. *Souerdike* v. *State* (1938), 214 Ind. 523, 15 N. E. 2d 379.

(2) Appellant contends that the State did not establish the venue of this action in that it was not clearly

established that Franklin County is in the State of Indiana. While no witness made the direct statement that Franklin County is, in fact, in Indiana, or that the crime charged, in fact, occurred in Indiana, there was testimony that the crime did occur in Franklin County, Indiana, from which the jury might reasonably have inferred the fact. It is sufficient if facts and circumstances are shown from which the jury may find the actual location of the crime charged. *Moore* v. *State* (1913), 179 Ind. 353, 101 N. E. 295.

(3) Appellant contends that the court erred in overruling his motion, at the conclusion of the State's evidence, for a peremptory instruction for a finding of not guilty, for the reason that the State had failed to show that he was operating a motor vehicle at the time charged. It has been repeatedly held that this court will not weigh the evidence in order to reverse a judgment. *Donaldson* v. *State* (1952), 231 Ind. 434, 108 N. E. 2d 888; *Klaser* v. *State* (1929), 89 Ind. App. 561, 166 N. E. 21. A search of the record shows that there was ample evidence from which the jury might find that appellant, in fact, did operate a motor vehicle while under the influence of intoxicating liquor.

(4) Appellant further contends that the trial court erred in overruling his objections to questions propounded to him by the State on cross-examination, which referred to proceedings before a Justice of the Peace on the same charge. Appellant avers that it was error to allow the State to ask him what his plea was to the charge before the Justice of the Peace. The motion for a new trial states:

"That the Court overruled the objection of the Defendant which objection was made to the ques-

tion propounded by the State upon cross examination to the Defendant which said question was as follows: 'How did you plead to the charge.' The answer elicited being 'Pleaded Guilty.'"

This error in the evidence was not saved by appellant for the reason that in his motion for a new trial neither his objections nor the substance of his objections were set out by him.

The rule is well established that appellant's motion for a new trial must state the objection, or the substance thereof, to any question asked of any witness.

In *Wise* v. *Curdes* (1942), 219 Ind. 606, 616, 40 N. E. 2d 122, 126, appellant contended that certain evidence was erroneously admitted over his objection, and, by certain specifications in a motion for new trial, he attempted to raise this question. The court held:

"The grounds of objection do not appear in any of these specifications. This court is now thoroughly committed to the view that no question as to the admissibility of evidence is presented for review if the motion for a new trial fails to state the grounds of objection to the evidence." (See cases cited.)

With reference to error in the admission or exclusion of evidence, it is said in Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton, §1812, Comment 8, p. 388:

"This error must be set forth with particularity. The exhibit offered, or the question asked must be set forth in full or in substance, along with the objection, the offer to prove, if any, the answer, if any, and the court's ruling."

In *Hart* v. *State* (1942), 220 Ind. 469, 479, 44 N. E. 2d 346, 351, this court said:

". . . that a question as to the admissibility of

evidence will not be considered on appeal unless the motion for new trial sets forth the question, answer if one was given, objection, ruling of the court. . . ." (See cases cited.)

This was not done in appellant's motion for new trial, and, for this reason, no cause is shown for reversal on the court's ruling on admission of testimony.

Judgment affirmed.

Henley, C. J., Achor, Bobbitt, and Emmert, JJ., concur.

NOTE.—Reported in 125 N. E. 2d 707.