**Michael Angelo THOMAS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 982S379.

Supreme Court of Indiana.

Feb. 9, 1984.

John W. Doehrman, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Michael Angelo Thomas, was convicted by a jury of murder, Ind. Code § 35–42–1–1(2) (Burns 1979 Repl.) and was sentenced to the Indiana Department of Correction for a term of sixty years. The state filed an additional count against defendant seeking the death penalty pursuant to Ind.Code § 35–50–2–9(b)(1) (Burns 1979 Repl.) but the jury did not return a recommendation of death and the trial court did not impose it. Defendant raises the following three issues in this direct appeal:

1. Whether the trial court erred in denying defendant's motion for separate juries to hear the guilt and sentencing phases of his trial;

2. Whether defendant was denied a fair trial due to allegedly improper jury selection procedures; and

3. Whether the trial court erred in denying defendant's request for the appointment of a psychiatrist at state expense to aid in his defense.

The record shows that defendant shot William Black, Jr., the owner of the Zodiac Lounge in Evansville, Indiana, during the course of a robbery of the bar. Police apprehended defendant as he was leaving the premises and found that he was armed and had a quantity of cash in his coat pocket. Black sustained two bullet wounds to his head and died four days later.

I.

Defendant first contends that the trial court erred by denying his motion for separate juries to hear the guilt and sentencing phases of his trial. He argues that several psychological studies have shown that individuals who are not opposed to the death penalty are generally more authoritative in their make-up and thus are likely to be less humane and less receptive to arguments advocating a finding of innocence.

He specifically cites two law review articles which address this theory.

However, the United States Supreme Court rejected this argument in *Witherspoon v. Illinois*, (1968) 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776, stating, "[w]e simply cannot conclude, either on the basis of the record now before us or as a matter of judicial notice, that the exclusion of jurors opposed to capital punishment results in an unrepresentative jury on the issue of guilt or substantially increases the risk of conviction." 391 U.S. at 517–518, 88 S.Ct. at 1774–1775, 20 L.Ed.2d at 782. The Court also made clear in their opinion that any improper exclusion of jurors would affect only the imposition of the death penalty and would *not* affect the defendant's conviction. 391 U.S. at 522 n. 21, 88 S.Ct. at 1777 n. 21, 20 L.Ed.2d at 785 n. 21.

This Court has consistently followed these *Witherspoon* holdings. We note, however, that defendant's argument that a death-qualified jury is conviction-biased and therefore is less than neutral with respect to guilt has not been upheld in recent psychological studies. The argument has been considered and rejected in other jurisdictions. *Fielden v. State*, (1982), Ind., 437 N.E.2d 986, 991–992, and cases cited therein. In this case, since defendant did not receive the death penalty, the issue of the jury's impartiality is not before us. *Fielden v. State*, 437 N.E.2d at 991; *Rowan v. State*, (1982) Ind., 431 N.E.2d 805; *Norton v. State*, (1980) Ind., 408 N.E.2d 514.

## II.

■ Defendant next contends that he was denied a fair trial because the jury was not selected in accordance with the statutory procedures outlined in Ind.Code § 33–4–5–2 (Burns 1983 Supp.). However, he acknowledges that he is raising this issue for the first time in this appeal and that it was not included in his Motion to Correct Errors.

It is fundamental that failure to raise an issue in a motion to correct errors generally results in a waiver of the right to have the question considered on appeal. Ind.R.

Tr.P. 59(D)(2); *Thomas v. State*, (1981) Ind., 428 N.E.2d 231; *Raspberry v. State*, (1981) Ind., 417 N.E.2d 913; *Morris v. State*, (1979) 270 Ind. 245, 384 N.E.2d 1022. This Court has applied this principle in cases involving irregularities in the selection of prospective jurors. We have held that a defendant has waived the issue concerning the manner in which the jurors were selected by accepting the jurors at trial. *Fenwick v. State*, (1926) 197 Ind. 572, 150 N.E. 764.

■ A different situation is presented in those cases where the records of the county clerk do not reveal the irregularities in venire selection, and under those circumstances, acceptance of the jury will not be deemed a waiver of the irregularities. *Cross v. State*, (1979) 272 Ind. 223, 397 N.E.2d 265.

Defendant is not in the same position here as that of the defendant in *Cross*. There defendant's allegations of alleged irregularities were correctly presented to the trial court in a motion to correct errors. Furthermore, in that case, defendant presented evidence to show that the records in the clerk's office did not show the alleged irregularities. Here, there was no claim that the alleged irregularities could not have been discovered at the clerk's office prior to the trial. We have consistently held that the orderly administration of criminal justice requires the trial court to have the first opportunity to correct any errors which have allegedly occurred. *Landrum v. State*, (1981) Ind., 428 N.E.2d 1228, 1231; *Stubblefield v. State*, (1979) 270 Ind. 421, 386 N.E.2d 665. Any errors here have been waived.

## III.

Defendant finally contends that the trial court erred by denying his request for a psychiatrist to be appointed at state expense to assist in the preparation of his defense. He argues that since he was on trial for his life the psychiatrist could have assisted him "in the voir dire portion of the trial and could have given overall assist-

ance to the defense during trial preparation and in the course of the trial itself."

It is well settled that an accused is not constitutionally entitled at public expense to any type of expert whose help in a particular case might be relevant. The appointment of experts for indigent defendants is within the sound discretion of the trial court and its determination will not be overturned absent a showing of abuse of discretion. *Goodwin v. State*, (1982) Ind., 439 N.E.2d 595; *Henson v. State*, (1982) Ind., 436 N.E.2d 79; *Roberts v. State*, (1978) 268 Ind. 127, 373 N.E.2d 1103. Defendant has not shown any specific reason that a psychiatrist was necessary here, since the questioning during voir dire and the general preparation of his defense were duties which could adequately be performed by his attorney. There is no error on this issue.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.