Larry TAYLOR, Appellant
(Petitioner below),

v.

STATE of Indiana, Appellee
(Respondent below).

No. 283S69.

Supreme Court of Indiana.

July 30, 1985.

Charles D. Hankey, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaefer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner Larry Taylor appeals the denial of his petition for relief under Ind.R.P.C. 1. This Court previously remanded his cause to the trial court with instructions to make specific findings of fact and conclusions of law pursuant to Ind.R.P.C. 1, § 6. *Taylor v. State,* (1985) Ind., 472 N.E.2d 891. The trial court complied with these instructions and filed appropriate "Findings of Fact And Conclusions of Law" on March 14, 1985. Petitioner now directly appeals and raises the following two issues:

1. alleged denial of right to a fair jury trial; and

2. alleged ineffective assistance of counsel.

We first point out the standards we apply when reviewing an appeal from the denial of post-conviction relief. Since Petitioner is appealing from a negative judgment, the judgment of the trial court is reversed only when the evidence is without conflict and leads unerringly to a contrary result. *Dixon v. State,* (1984) Ind., 470 N.E.2d 728. Moreover, in such a review, we do not reweigh the evidence nor judge the credibility of the witnesses. *Henson v. State,* (1982) Ind., 436 N.E.2d 79.

I.

■ Petitioner's first claim is that reversible error was committed when his attorney failed to peremptorily challenge certain jury panel members at Petitioner's suggestion. This issue was not raised by Petitioner in either his direct criminal appeal or in this appeal regarding his petition for post-conviction relief. Since the issue was raised for the first time in Petitioner's post-conviction brief, the State contends the issue was waived pursuant to *Henderson v. State,* (1979) 271 Ind. 633, 395 N.E.2d 224, *reh. denied* [DeBruler, J., dissenting in part]. Petitioner concedes this but claims the error was fundamental and therefore is not subject to waiver. Fundamental error is gross, blatant error which denies due process. *Reynolds v. State,* (1984) Ind., 460 N.E.2d 506, *on rehearing* Ind., 463 N.E.2d 1087.

Petitioner's contention that this is fundamental error is based on an opinion by the Fifth Circuit, United States Court of Appeals, in *United States v. Harpole,* (5th Cir.1959) 263 F.2d 71, *cert. denied* 361 U.S. 838, 80 S.Ct. 58, 4 L.Ed.2d 78. *Harpole,* however, does not support Petitioner's contention. In *Harpole,* the Fifth Circuit held that where the evidence on a petition for a writ of habeas corpus established systematic exclusion of blacks from petit jury panels; such error was fundamental and therefore was not subject to the waiver rule. The Fifth Circuit also held that the State's action of excluding blacks put it in a poor position to claim waiver and found the potential harm to *Harpole* was blatant and palpable.

The facts here show that during the *voir dire* of the jury, Petitioner's attorney asked Petitioner's opinion as to which panel members should be peremptorily challenged. Petitioner named six or seven pan-

el members but those names apparently were not stricken. Petitioner's attorney did peremptorily challenge eight jurors. Petitioner does not tell us who the panel members were he suggested be stricken, the reasons requiring their removal or in what manner he was prejudiced by their remaining on the jury. There is no showing that Petitioner's counsel adamantly refused to strike any certain panel members but it appears that counsel used his own judgment rather than accepting Petitioner's. Petitioner therefore does not present an issue of fundamental error and, since he did not raise the issue in his direct appeal or in his petition for post-conviction relief, it is deemed waived. Since Petitioner did not raise the issue at those times when he had an opportunity to do so, it is presumed that the jury as selected was acceptable to him at the time. *Boyle v. State,* (1955) 234 Ind. 215, 125 N.E.2d 707. We find no error on this issue.

## II.

■ Petitioner also raises several actions of his attorney which he claims demonstrates ineffective assistance of counsel. In addressing this issue we apply the standard of reasonably effective assistance pursuant to *Strickland v. Washington,* (1984) 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and *Elliott v. State,* (1984) Ind., 465 N.E.2d 707. Accordingly, there is a strong presumption that counsel's conduct fell within this standard. To overcome this presumption, Petitioner must show a reasonable probability that the result of the proceeding against him would have been different but for counsel's allegedly unprofessional errors. *Strickland, supra. Elliott, supra.* Isolated poor strategy, inexperience or bad tactics, even if shown, do not necessarily amount to ineffective assistance. *Murphy v. State,* (1985) Ind., 477 N.E.2d 266.

■ Petitioner attempts to demonstrate his attorney's ineffectiveness by claiming his trial attorney did not effectively object to a lineup procedure which Petitioner himself requested, failed to adequately cross-examine the detective who was present at the lineup, failed to object to the giving of Instruction No. 10 and failed to strike the panel members referred to in Issue I above. On examination these matters appear to be judgment calls on strategy that do not amount to ineffective assistance of counsel. The lineup took place on Petitioner's own motion, and his trial attorney stated during the post-conviction hearing that he argued the problems of the lineup during closing arguments. Petitioner's attorney further testified that he did not cross-examine the detective further because he expected all that would come out would be a reaffirmation to the jury that the victim identified Petitioner. Further cross-examination would therefore be fruitless and damaging to Petitioner. Instruction No. 10 given by the trial court when examined in conjunction with other instructions does not appear to harm Petitioner enough to have probably altered the outcome of the trial should it have been withheld. Furthermore, Petitioner's attorney did peremptorily challenge eight panel members and appeared to give due consideration and used his judgment in making those selections. These decisions and actions by the attorney constituted strategic choices. In its findings of fact, the trial court found that Petitioner's trial attorney interviewed witnesses, researched the law, conferred with his client and, in general, exercised reasonable professional judgment. Petitioner therefore has not carried his burden of showing he received inadequate representation of counsel.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.