# Kell *et al. versus* Brillinger.

The Act of the 18th of March 1874, directs the Courts of Common Pleas, when an array of jurors is quashed for any irregularity in the selection of persons or the depositing. of the names in the jury wheel, to order a new selection of such number of jurors as said court shall designate, and that thereupon the jury commissioners shall meet and take out of the wheel all names therein deposited and make a new selection of persons, and deposit the new names so selected in the wheel. *Held*, that it is not a compliance with the act to select any portion of those taken from the wheel and deposit them again therein.

May 11th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, PAXSON, WOODWARD and STERRETT, JJ. GORDON, J., absent.

Error to the Court of Common Pleas of *York county:* Of May Term 1877, No. 109.

Jacob Brillinger brought an action of debt on a bond against James Kell and H. W. McCall. When the case came on for trial, on the 29th of May 1876, it was discovered that the jury commissioners had disregarded the requirements of the law in the selection of the jurors for 1876, and the court, upon motion, quashed the array, and made an order that the jury commissioners "should convene and forthwith take out of the wheel from which such jurors

[Kell v. Brillinger.]

were drawn all the names therein deposited and make a new selection of persons and deposit their names in the wheel for the remainder of the current year, in the manner directed by the several Acts of Assembly in relation to the selection of jurors; that the said persons so selected shall be citizens of the county of York, duly qualified to serve as jurors for said county, and that the number to be placed in the wheel shall be three hundred."

On the 12th of December 1876 the case came on for trial the second time, and the defendants again moved to quash the array of jurors, for the following reasons: "That pursuant to the above order of court, the two jury commissioners of said county, and one of the law judges of the courts of said county, convened at the court-house in the borough of York, on the 6th day of June 1876, and took out of the wheel from which said jurors were drawn all the names therein deposited, the number of names so taken out of the wheel being three hundred and fifty; but the said jury commissioners and said law judge did not make a new selection of persons and deposit their names in the wheel for the remainder of the current year, as ordered by said court, in the same manner as is now directed by law for the selection of such persons and the depositing of their names in the wheel at the beginning of the year; that the said jury commissioners and the said law judge did not select three hundred persons, as ordered by the said court, alternately, from the whole qualified electors of said York county at large, as they are required to do by law; but, on the contrary thereof, the said jury commissioners and said law judge each took from the names which they had taken out of said wheel, by the said order of the court, one hundred names, and deposited the names thus taken in the wheel for the current year."

The court, Wickes, A. L. J., who had acted in his official capacity with the jury commissioners when the three hundred names were deposited in the wheel, and who was therefore cognizant of the facts, overruled the motion to quash and directed a jury to be sworn.

The verdict was for the plaintiff, and defendants took this writ, assigning the foregoing action of the court for error.

*William Hay* and *W. C. Chapman*, for plaintiffs in error.

*James W. Latimer*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, May 28th 1877.

The Act of 18th of March 1874, Pamph. L. 46, makes it the duty of the respective courts of Common Pleas, whenever a challenge to the array of jurors shall be sustained for any of the causes enumerated in said act, or that the array of jurors returned at any

[Kell *v.* Brillinger.]

court shall be quashed by reason of any fault or irregularity in the selection of persons, or on the depositing of their names in the wheel, to order a new selection of persons to be made of such number as said court shall designate, and that their names be deposited in the wheel for that purpose for the remainder of the current year. The second section of said act then provides "that thereupon it shall be the duty of the jury commissioners, president judge or additional law judge of the respective district, or a majority of them, to meet at the seat of justice of the respective county, at least thirty days before the court at which such jurors shall be summoned to serve, and take out of the wheel all names therein deposited, or if a new wheel, clean out the same and make a new selection of persons, and deposit the names so selected in such wheel, or in the new wheel for the remainder of the current year, in the same manner as is now directed by law for the selection of such persons and the depositing of their names in the wheel at the beginning of the year." Have the foregoing directions of the Act of Assembly been complied with in this case? It appears that at the May Term 1876 the array was quashed by reason of neglect of official duty by the sheriff and jury commissioners, and their disregard of the law in relation to the selection of jurors and custody of the wheel for the year 1876. Thereupon the court made an order, as required by the Act of 1874, directing a new selection of three hundred persons to serve as jurors, to be made by the president or additional law judge and jury commissioners on the sixth day of June 1876. On the day designated one of the law judges and the jury commissioners met at the court-house and proceeded to take out of the wheel all the names remaining therein, amounting to three hundred and fifty; after which the law judge and jury commissioners each took one hundred of the names which had been taken out of the wheel in pursuance of the order of the court, and re-deposited them in the wheel. This was not a compliance with the Act of Assembly. There was no alternate selection from the whole qualified electors of the county at large as required by law. It is true, fifty of the names were rejected, but that was doubtless due to the fact that but three hundred names were required. It was a mistake to suppose that this proceeding was a mere form. It was a matter of substance. Why did the law require the original panel to be quashed? Manifestly for the reason that because of irregularities connected with the selection of the names, the placing of them in the wheel, and the custody of the wheel, certain names might have been placed therein for an improper purpose. The fact that such a thing might have taken place is the reason why the law required a new selection. In making such selection it was practically impossible for the judge and jury commissioners to distinguish the objectionable names from the others, nor was any such duty devolved upon them. The law makes no attempt to purge a jury wheel that has been

[Kell *v.* Brillinger.]

tampered with or even exposed to improper practices. It rejects all the names contained therein, and requires a new selection for the current year. Such new selection should have been made by the jury commissioners in this case. Nothing less would fulfil the requirements of the Act of Assembly. It was therefore error to deny the motion to quash the array. A jury ought not to have been sworn in the cause. The result was a mistrial.

> The judgment is reversed, and a *venire facias de novo* awarded.