## Commonwealth *v.* Wm. Freeman, Appellant.

*Criminal law—Murder—Jury—Jury-wheel— Motion to quash array— Delay—Laches—Waiver—Practice, O. & T.—Act of Feb. 21, 1814.*

On the trial of an indictment for murder where the prisoner has been duly arraigned and pleaded not guilty, and four jurymen have been selected and sworn, a motion to quash the array for the reason that the jury-wheel had not been properly sealed, is too late, under the act of Feb. 21, 1814, 6 Sm. L. 111, and will not be entertained.

In such a case the presumption is that the prisoner, on an inspection of the array after drawing, is content to be tried by a jury selected therefrom without inquiry as to whether the strict requirements of the law were observed preparatory to the drawing.

Argued Jan. 7, 1895.   Appeal, No. 53, Oct. T., 1895, by defendant, from judgment of O. & T., Westmoreland Co., Aug. T., 1894, No. 14, on verdict of guilty.   Before Ster-rett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ.   Affirmed.

Indictment for murder.   Before Doty, P. J.

At the trial, after the prisoner had been duly arraigned and pleaded not guilty, and thirty jurors had been called, four of whom were selected and sworn, the prisoner moved to quash the indictment, the array of grand jurors and the array of petit jurors, " for the reason that the sheriff and the jury commissioners of Westmoreland county, at the time of selecting and

placing in the wheel of the jurors, did not secure the wheel in the manner required by law, they having failed to secure the said wheel and sealing the same with their respective seals, the said wheel being secured with only one seal, if any; and for the further reason that the jury wheel and the key thereof were both kept in the custody of the sheriff, whereas the act of assembly requires one to be in the custody of the sheriff and the other in the custody of the jury commissioners; and for the further reason that the jury wheel has not been kept in a secure place under lock and key by the jury commissioners; the motion having been made as soon. as these facts came to the notice of the defendant."

The court refused the motions, as too late. [1–4]

The court also refused defendant's offer to prove the facts alleged in the motion, [5] and refused challenges. [6]

Verdict, guilty of murder of the first degree. The court refused a motion for a new trial, [7] and in arrest of judgment, [8, 9] and passed sentence upon the verdict. [10]

*Errors assigned* were (1–10) above rulings and orders, quoting them in substance.

*James S. Beacom, Curtis H. Gregg* with him, for appellant, cited: Brown v. Com., 73 Pa. 321; Ins. Co. v. Adams, 110 Pa. 553; Alexander v. Com., 105 Pa. 1; Com. v. Hoofnagle, 1 Brown, 201; acts of Feb. 21, 1814, 6 Sm. L. 111; April 14, 1834, P. L. 356; April 10, 1867, P. L. 62; Haddock v. Com., 103 Pa. 249; Com. v. Spring, 5 Clark, 240; Com. v. Smith, 2 S. & R. 299; People v. McKay, 18 Johns. 212; Com. v. Bradney, 126 Pa. 199; Klemmer v. R. R., 163 Pa. 521; Dyott v. Com., 5 Whart. 67; Brown v. Com., 76 Pa. 336; Kell v. Brillinger, 84 Pa. 278.

*Joseph A. McCurdy,* district attorney, *J. E. B. Cunningham* with him, for appellee, cited: Acts of March 31, 1860, § 53, P. L. 443; Feb. 21, 1814, P. L. 60; Burton v. Ehrlich, 15 Pa. 236; Com. v. Sallager, 3 Clark, 127; Rolland v. Com., 82 Pa. 306; Brown v. Com., 73 Pa. 321; Jewell v. Com., 22 Pa. 100; Com. v. Haggerty, 3 Brewster, 285; Whart. Cr. Pl. & Pr., 8th ed. §§ 344, 396, 610; Com. v. Chauncy, 2 Ash. 90; 2 Cr. L. Mag. 470; Dyott v. Com., 5 Whart. 67.

OPINION BY MR. JUSTICE DEAN, Feb. 11, 1895:

The jury, on evidence which fully warranted the verdict, found the appellant guilty of murder of the first degree. The court below, after careful consideration of the reasons therefor, overruled a motion for a new trial, and imposed sentence of death; and from this judgment defendant appeals, assigning for error the refusal of the court to quash, for irregularities, the indictment and the array of grand and petit jurors.

Defendant's counsel, in support of the motion to quash, offered to prove: 1. That the jury wheel after being filled had not been sealed as required by law.    2. That the wheel and the key thereto, contrary to law, were both retained in custody of the sheriff.    3. That the wheel was not kept in a place where it could not be tampered with.

As the court declined to hear the oral evidence offered to prove these facts we must assume they existed. We do not consider them trifling or immaterial. The statutes providing for the selection of names to be put in the wheel, how it shall be locked and sealed, its custody and that of the key, should be strictly observed. The officers charged with this duty are allowed no discretion and are subject to severe penalties for either willful or negligent omission. But a complaining suitor for mere irregularities must make his objection in time or he will be deemed to have waived it. Here, the prisoner, on being arraigned, pleaded " not guilty;" then twenty-three jurors were called; fifteen of these were stood aside by the commonwealth; four were peremptorily challenged by the prisoner and four were accepted by him and sworn to try the issue; then the motion to quash was made which was overruled by the court because made too late.

All the text writers concur in holding that, after plea pleaded, a motion to quash for such defects as these will not be sustained. Besides, this case on its facts is clearly within the intent of section one of act of February 21, 1814, as follows: " A trial or an agreement to try on the merits, or pleading guilty, or the general issue in any case shall be a waiver of all errors and defects in or relative and appertaining to the said precept, venire, drawing, summoning and returning of jurors."

Each one of these defects or omissions had relation to the drawing. That this may be certainly fair and impartial, pro-

vision is made for the safe keeping of the wheel and its contents preparatory to the several drawings of jurors therefrom for the several ,erms of court.  For at least thirty days before this motion to quash was made, the facts on which it was based could have been within the knowledge of the prisoner and his counsel.  Assume, as stated, that they were not actually known to them until after plea and challenge to the poll, the waiver is presumed not alone from what was actually known, but also from what might have been known.  The presumption is that the prisoner, on an inspection of the array after drawing, was content to be tried by a jury selected therefrom without inquiry as to whether the strict requirements of the law had been observed preparatory to the drawing.  This is a reasonable interpretation of the act of 1814 and it fairly admits of no other.  If the plea, either in a criminal or civil case, be entered before the filling of the wheel from which the jury is drawn to try the particular case, it follows, the act of 1814, so far as it declares such plea shall be deemed a waiver of irregularities, can have no application.  And this may often be the fact in a civil cause ; but it can seldom occur in a criminal issue where trial follows soon after accusation.  The plea is a waiver of existing irregularities, not of future ones.  In the latter the motion must be made as soon as the defects are known, or as soon as, with reasonable diligence, they might have been known. The effort of courts is to give all statutes a reasonable interpretation.  If there be actual fraud or corruption in filling the wheel or actual tampering with it to the prejudice of a suitor, they, in the interests of justice, will not hesitate to apply the proper remedy, without regard to the time the motion is made. But here there was no intimation of anything beyond irregularity.  The trial was in every respect fair ; to such a degree, indeed, that the prisoner makes no complaint.  A very careful examination of the whole subject and the authorities applicable thereto, brings us to the conclusion that the learned judge of the court below was right in refusing the motions to quash the indictment and the array of grand and petit jurors.

The judgment is affirmed and record remitted that it may be carried into effect according to law.