# Commonwealth *v*. Sober, Appellant.

*Appeals—Criminal law—Quashing indictment.*

Where the appellate court has reversed an order quashing an indictment and sent the case back with a procedendo, it will be presumed on a subsequent appeal in the same case that all the grounds for quashing the indictment were presented and passed upon in the prior proceeding.

*Appeals—Quashing appeals—Reducing charge to writing—Judge's certificate.*

An appeal will be quashed where the record fails to disclose any request made to the court below to have the charge and other proceedings

reduced to writing and filed, or any certificate from the court that the charge and testimony as printed are correct and part of the record.

*Appeals—Paper-books—Failure to print evidence.*

An appeal will be quashed where it appears that a bill in equity offered in evidence, and an important, and, in a sense, controlling, item of evidence, has not been printed by the appellant.

Argued Dec. 1, 1902. Appeal, No. 32, April T., 1903, by defendant, from judgment of Q. S. Westmoreland Co., Aug. T., 1899, No. 160, on verdict for plaintiff in case of Commonwealth v. D. B. Sober. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Motion to quash appeal.

The motion was based on the following grounds:

1. Because no request was made, as shown by the record, before verdict rendered, to have the charge of the court and answers to defendant's points reduced to writing from the stenographer's notes, and filed of record.

2. Because the plaintiff's second specification of error in refusing the testimony of one B. R. Kline contains no reference to the page of the paper-book where the testimony may be found in the trial notes, as required by Rule 17 of this court, nor has the appellant printed the bill in equity offered in evidence (see appellant's book, p. 63), filed by Arner & Rea against Ida P. Sober, at equity No. 328, common pleas court of Westmoreland county, nor the answer of the said Ida P. Sober thereto, in which she avers that she is the owner of the one-third interest in the " All Right Grocery," and the defendant, her husband, D. B. Sober, makes affidavit to the facts therein contained.

3. Because appellant's paper-book contains three specifications of error, and each error embraces more than one point and raises more than one distinct question, and therefore offends against Rule 15 of this court, said rule requiring " each error to be assigned particularly and by itself, and if any assignments embrace more than one point, or raise more than one distinct question, it shall be considered a waiver of all error so alleged."

*Denna C. Ogden,* for appellant.

*John B. Keenan* and *Lev. McQuistion,* for appellee.

OPINION BY BEAVER, J., January 20, 1903:

When this case was here before, 15 Pa. Superior Ct. 520, we decided that the indictment had been erroneously quashed and sent the case back, with a procedendo. It is to be presumed that the defendant urged at that time all the reasons for quashing the indictment which existed. There is nothing new in the case in this respect and it was his duty at least to present his case fully. Whether the exact reasons now urged for quashing the indictment were urged at that time we cannot say, but they at least should have been presented and, if so, they were passed upon and need not be further considered.

The answer of the court below however, to the reasons now urged for quashing the indictment is satisfactory to us and, if there were nothing else in the case, so far as the sufficiency of the indictment is concerned, it would be sustained upon the opinion of the trial judge.

We are asked by the appellee to dismiss the assignments of error and quash the appellant's appeal, upon the ground that no request was made to the court below to have the charge and other proceedings reduced to writing and filed, and there is no record anywhere that we can find that such an order was made, nor is there any certificate from the court that the charge and testimony as printed are correct and part of the record.

There is further exception to the appellant's paper-book in that a bill in equity offered in evidence by the commonwealth, filed by Arner & Rea, v. Ida P. Sober, and the answer thereto to which the defendant made affidavit and in which it was alleged that the said Ida P. Sober was the owner of the one-third interest in the Allright grocery, is not printed. This was an important and, in a sense, controlling item of evidence and should have been printed. The record is incomplete without it and our consideration of the case likewise necessarily unsatisfactory.

For these reasons, the assignments of error are all dismissed and the appeal quashed at the costs of the appellant.