## Patton *v.* Allegheny Loan & Trust Company, Appellant.

*Appeals—Assignments of error—Rule XV—Charge—Answers to points —Paper-books—Exceptions.*

When error is assigned to the charge of the court, or to answers to points, the part of the charge, or the point and answer referred to, must be quoted totidem verbis in the assignment.

An appeal will not be considered where the charge of the court is not printed in the appellant's paper-book, and where the record as printed fails to show that any exception was taken to the charge or to the answers to the points, or that any request was made before verdict to have the charge and answers to the points filed.

Argued April 28, 1908.  Appeal, No., 132, April T., 1908, by defendants, from judgment of C. P. No. 1, Allegheny Co., March T., 1905, No. 931, on verdict for plaintiff in case of Mary Patton v. The Allegheny Loan & Trust Company and H. Thomas.  Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ.  Affirmed.

Appeal from judgment of justice of the peace.

Trespass against the defendants as joint tort feasors, for wrongfully taking and carrying away plaintiff's goods.  Before MacFarlane, J.

Verdict and judgment for plaintiff for $106.

On a rule for a new trial MacFarlane, J., filed the following opinion:

The testimony was not reported in this case, but the questions here raised were raised and argued at the trial and I had no doubt at that time that this was a case of a joint tort, and the argument and brief of counsel has not convinced me to the contrary.  The declarations are for the taking and carrying away the goods of the plaintiffs, and the actions were not for an unlawful sheriff's sale, but for the loading of the plaintiff's goods upon wagons and carrying them away after a sheriff's sale.  The jury found that one of the plaintiffs had

brought the contents of the barn at the sheriff's sale, but that notwithstanding this in his absence the defendants carted them away and that they also removed the goods of the mother and the daughter to which the defendants were in no way entitled.

Had the jury found that the testimony of the defendants' witnesses was true we would not have this motion, and we must dispose of the case upon the finding of the jury, which was that the plaintiff's contention that there was a joint tort was substantiated. The motions are overruled.

*Errors assigned* were in the following form:

1. The court erred in assuming jurisdiction in this case.

2. The court erred in not granting a nonsuit or rendering binding instructions for the defendants.

3. The court erred in submitting this case to the jury when two joint alleged tort feasors committed torts at separate times and under different circumstances, which torts were separate and distinct as to each joint tort feasor.

4. The court erred in refusing defendants' second and third points.

5. The court erred in not rendering judgment non obstante veredicto.

*J. D. Hern,* for appellant.

*J. Chas. Dicken,* for appellees.

PER CURIAM, May 14, 1908:

The assignments of error are defective in that they fail to conform to the requirements of rule XV, that when the error assigned is to the charge of the court, or to answers to points, the part of the charge or the point and answer referred to, must be quoted totidem verbis in the assignment.

Even if the assignments were in due form, they could not be considered, because the charge of the court is not printed in the appellant's paper-book, and further because the record as printed fails to show that any exception was taken to the charge or to the answers to the points, or that any request was

made before a verdict to have the charge and answers to the points filed.

Further, if the case were properly before us for review upon the merits the opinion of the learned judge below shows quite clearly that the verdict and judgment in favor of the plaintiff, upon the theory that the defendants were joint trespassers, were warranted by the evidence.

All of the assignments of error are dismissed and the judgment is affirmed.