## Commonwealth, Appellant, *v.* Haines.

*Criminal law—Indictment—Motion to quash.*

1. Where a defendant moves to quash an indictment on the ground that the information was defective, and such motion is ultimately overruled by the appellate court, the defendant has no standing again to move for the quashing of the indictment on the ground that the array of grand jurors on which the indictment was drawn was defective, where there is no offer to prove that the defendant could not have objected to the irregularity of the drawing of the grand jury on the first motion to quash.

2. A motion to quash an indictment on the ground that a grand jury was improperly drawn will not be entertained, where there is no offer to prove the facts as to the manner in which it was drawn.

3. A motion to quash an indictment on the ground that a grand jury was improperly drawn cannot be sustained as a challenge to the array where the motion is made after the grand jury has been discharged. A challenge to the array comes too late after the discharge of the grand jury.

Argued April 20, 1914. Appeal, No. 134, April T., 1914, by plaintiff, from order of Q. S. Greene Co., Sept. Sessions, 1913, No. 1, quashing indictment in case of Commonwealth v. Debbie Haines. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Motion to quash indictment.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order quashing the indictment.

*David R. Huss,* district attorney, for appellant.— The court should not quash an indictment except in a clear case and should refuse in a doubtful case: Respublica v. Cleaver, 4 Yeates, 68; Com. v. Billet, 16 Pa. Dist. Rep. 11.

In a criminal case the motion to quash must be made

as soon as the defects are known or as soon as with reasonable diligence they might have been known: Com. v. Craig, 19 Pa. Superior Ct. 81; Com. v. Freeman, 166 Pa. 332.

The action of the court below must be judged by the record and the burden was on defendant to furnish proof of the facts alleged: Com. v. Robertson, 47 Pa. Superior Ct. 472; Com. v. Carlucci, 48 Pa. Superior Ct. 72.

*Challen W. Waychoff*, with him *J. H. Zimmerman* and *Roy J. Waychoff*, for appellee.—A general verdict of guilty, upon an indictment, is a finding only of the facts sufficiently pleaded: Com. v. Moore, 99 Pa. 570.

OPINION BY PORTER, J., July 15, 1914:

This indictment, charging the defendant with a misdemeanor, is in every respect regular upon its face, yet it has been twice quashed by the learned judge of the court below. The information in which the prosecution had its origin was made on April 30, 1913. The defendant was the same day arrested, waived a preliminary hearing and gave bail to answer the charge at the next term of the court of quarter sessions, on the first Monday of June, 1913. This indictment was found by the grand jury, on June 3, 1913, at the term to which the defendant had given bail to answer. The case was called for trial on June 3, 1913, whereupon the defendant, by her counsel, presented a written motion to quash the indictment, stating as the ground for the motion, that, "The information upon which the indictment is founded does not charge any crime under the laws of Pennsylvania." The court below sustained this motion and quashed the indictment, which order was, upon appeal, reversed by this court, and the indictment reinstated: Com. v. Haines, 55 Pa. Super. Ct. 359. The record having been returned to the court below, on November 29, 1913, the defendant was subsequently

arrested and on January 27, 1914, entered into a recognizance, with surety, conditioned for her appearance at the then next term of the court below. The defendant was at the March sessions of the court below again called for trial and again filed a motion to quash the indictment, which assigned the following reason: "The array of grand jurors at said June sessions 1913, by which the indictment was found, was improperly drawn and has been quashed by this court." The court sustained this motion and again quashed the indictment, and from that order we have this appeal.

The defendant has thus far succeeded in having this indictment twice quashed, and yet she has thus far revealed her objections to the proceedings which resulted in her indictment down only to the time when the grand jury was drawn. What further objections, founded in matters extrinsic the indictment, she may have in reserve it is impossible to conjecture. If a party can thus move to quash an indictment for one reason and hold in reserve other reasons which ought by the exercise of reasonable diligence to have been known at the time, and then, after the order quashing the indictment for the reason first presented has been reversed by an appellate court, successfully insist that the indictment must be quashed for any reason which she might have presented at the time of her original motion it is manifest that a trial upon the merits can be indefinitely postponed. The first objection to the regularity of the proceedings before the magistrate having been improperly sustained by the court below and reversed by the appellate court, an objection to the manner in which the jury wheel was filled could be carried through all the same proceedings. The objections to the form of the venire, the drawing of the grand jury, the manner in which they were summoned, the qualifications of the members of the grand jury, the manner in which the bill was presented to and heard by the grand jury, and finally to the sufficiency of the indictment when found,

could in turn be interposed to prolong the legal battle. The time of all courts concerned with the administration of criminal justice would to a large extent be devoted to the consideration of dilatory pleadings.

An indictment could only be quashed at common law for objections apparent upon its face, for such insufficiency as would render any judgment whatsoever, given upon any part of it against the defendant, erroneous: Hawkins, Pleas of the Crown, bk. 2, ch. 25, sec. 146; 1 Chitty's Criminal Law, page 445. An extrinsic objection, not apparent on the face of the indictment, could be taken advantage of only by plea in abatement. Anyone under prosecution for any crime whatsoever might, before he was indicted, challenge any of the persons returned on the grand jury, or challenge the array because it was not returned by the proper officer. After indictment the proper manner to raise any question as to the qualifications of the grand jury was by plea in avoidance of the indictment: Hawkins, Pleas of the Crown, bk. 2, ch. 25, secs. 16, 18, 25 and 26; 1 Chitty's Criminal Law, page 307. One indicted might make use of never so many pleas or exceptions of this kind, but he must at the same time plead with them all his matters in bar, if he had any such, and also plead over to the felony. When a plea in abatement to an indictment charging a misdemeanor raised a question of fact, the determination of that issue against the defendant was final, he was not suffered afterwards to plead any new matter, but had final judgment given against him: Hawkins, Pleas of the Crown, bk. 2, ch. 23, sec. 128; Barge v. Com., 3 Penrose & Watts, 262. These pleas in abatement were required to have a proper conclusion, "praying judgment of the indictment, and that it may be quashed:" 1 Chitty's Criminal Law, page 348. The question thus presented was that of the validity of the bill. The determination of that question against the defendant was a judgment that the indictment was valid, and in those cases in which the defendant did not have

final judgment entered against him he was required to plead to the indictment, as a valid bill. This rendered it necessary for the defendant, when he pleaded in abatement, to disclose all his objections to the indictment, for it is a rule upon all pleas in abatement that he who takes advantage of a flaw must at the same time show how it may be amended.

It cannot be doubted that in Pennsylvania the practice under the common law has been so far departed from that an indictment may be quashed for matters not apparent upon its face; see cases cited in Com. v. Robertson, 47 Pa. Super. Ct. 472. When the motion to quash is for matters not apparent upon the face of the indictment it becomes a substitute for a plea in abatement, at common law, and is to be disposed of upon principles not dissimilar. When the motion to quash is of this character it is necessary, for the protection of the commonwealth and the accused, and for the information of an appellate court, that a distinct specification of all the objections then known or which by reasonable diligence might have been known should clearly appear on the record. It is proper practice to require that the motion to quash and the reasons for it should be reduced to writing and filed. The burden is upon the defendant to specifically state facts which if established by evidence warrant the quashing of the indictment, and to produce evidence tending to establish such facts: Com. v. Williams, 149 Pa. 54; Com. v. Carlucci, 48 Pa. Super. Ct. 72; Brown v. Com., 76 Pa. 319; Rolland v. Com., 82 Pa. 306. The motion must in such a case be made promptly. When the facts upon which the objection is based are such that reasonable diligence would have revealed them to the defendant he must be presumed to have known those facts, unless he distinctly aver in his motion the lack of such knowledge: Com. v. Freeman, 166 Pa. 332; Com. v. Windish, 176 Pa. 167; Com. v. Craig, 19 Pa. Super. Ct. 81. When a defendant moves to quash an indictment it is in effect

a prayer for the judgment of the court upon the validity of the indictment, it is incumbent upon him to then disclose all his reasons, and he must be presumed to have waived any reason which reasonable diligence would have revealed to him: Com. v. Sober, 22 Pa. Super. Ct. 22.

When this court reversed the former order of the court below quashing this indictment that was in substance a judgment that the indictment was valid. In order to escape the effect of that judgment and have the indictment quashed for any reasons which existed at the time her original motion to quash was made, it was incumbent upon her to allege some good reason excusing her failure to then present the objection now made. This she failed to do, and she did not even allege in her present motion to quash that the facts upon which it is based were not known to her at the time she first challenged the validity of the indictment. This being so she must be held to have waived any irregularity in the drawing of the grand jury. The present motion to quash ought to have been overruled for another reason. The motion was insufficient upon its face, in that it merely stated that the grand jury was improperly drawn, without stating the facts as to the manner in which it was drawn. This motion cannot be sustained as a challenge to the array, for it fails to state the ground of challenge, and a challenge to the array comes too late after the grand jury had been discharged: 20 Cyc. 328. It must be disposed of as what it purports to be, a motion to quash, and as such it ought to have been overruled.

The order of the court below is reversed, the indictment is reinstated and the record is remitted with a procedendo.