## Ward et al. *v.* Babbitt, Inc., Appellant.

*Appeals—Assignments of error—Charge—Exceptions—Request to reduce charge to writing and file of record.*

1. Assignments of error based upon the charge of the court, will not be reviewed, where the record shows that no exception thereto was taken before the jury retired.

2. In such case even the taking of an exception would not suffice, unless it appeared affirmatively that appellant had requested the charge to be reduced to writing and filed of record.

*Appeals—Assignments of error—Points and answers—Requests to file—Acts of March 24, 1877; May 24, 1887, and May 11, 1911.*

3. Assignments of error based on answers to points will not be reviewed, where it appears that although exceptions were taken and allowed, no request was made at the trial to file the same of record with the charge.

4. Under the Act of March 24, 1877, P. L. 38, the request to file of record applies not only to the charge, but also to the points and answers.

5. No change in this respect has been made by the subsequent Acts of May 24, 1887, P. L. 199, providing for the transcription of notes of testimony, and May 11, 1911, P. L. 279, relating to the taking of exceptions in all cases.

*Appeals—Assignments of error—Refusal of new trial—Motion and reasons.*

6. An assignment of error based upon a refusal of a new trial, will not be considered, where it appears that no exception was taken to such refusal.

7. Nor will such an assignment be considered where the assignment does not disclose the motion and reasons upon which the request for a new trial was based.

Argued March 21, 1921. Appeal, No. 392, Jan. T., 1921, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1918, No. 4386, on verdict for plaintiffs, in case of Edward N. Ward, Sr., and Edward N. Ward, Jr., by Edward N. Ward, Sr., his next friend, v. B. T. Babbitt, Inc. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Appeal quashed.

Motion by appellees to quash all assignments of error and to quash appeal.

The opinion of the Supreme Court states in substance the assignments of error.

*Thomas James Meagher,* for appellees, on motion to quash.

*Morris Wolf,* for appellant, contra.

OPINION BY MR. JUSTICE SADLER, April 25, 1921:

A motion has been made to quash the appeal in this case on several grounds. The eight assignments of error may be divided into three groups for the purpose of consideration of the questions raised.

The fourth, fifth and sixth are based upon the charge of the court. No exception was taken thereto before the jury retired; under such circumstances the errors complained of cannot be reviewed: McConnell v. Penna. R. R. Co., 206 Pa. 370; Mackowski v. Phila. Rapid Transit Co., 265 Pa. 34; Allegro v. Rural Valley Mut. Fire Ins. Co., 268 Pa. 333. Even the taking of an exception would not suffice, unless it appeared affirmatively that appellant had requested the charge be reduced to writing and filed of record: Curtis v. Winston, 186 Pa. 492; Smith v. Times Pub. Co., 178 Pa. 481; Lindsay v. Dutton, 227 Pa. 208; Foley v. Phila. Rapid Transit Co., 240 Pa. 169. For the reasons suggested, the assignments referred to cannot be sustained.

Numbers one, two and three are founded upon answers to points which were refused and not read. Exceptions, as required (Sibley v. Robertson, 212 Pa. 24; Knobeloch v. Pittsburgh, etc., Ry. Co., 266 Pa. 140), were taken and allowed, but no request was made to file the same of record with the charge. Appellant contends the taking of an exception is sufficient, since such action makes the point and answer a part of the record for purposes of error without the request to file, as required

in the case of the charge generally. The correctness of this position rests upon the construction to be given section 1 of the Act of March 24, 1877, P. L. 38.

It directs that written requests shall be presented, and, when answered, shall be filed and become part of the record of the case for the purposes of error. In considering the effect of this provision regard must be had to its purpose. The Act of February 24, 1806, P. L. 334, furnished a way by which the portion of a charge complained of could be gotten upon the record; and the Act of April 15, 1856, P. L. 337, directed that it should be filed, upon request, in its entirety. Neither statute made provision for the points and answers. So that these instructions might be considered in the same way, the Act of March 24, 1877, was passed. Thus the entire statement of law presented to the jury was preserved for the purposes of review; but there was no intention to distinguish between the charge and the points. The title of the act shows both to have been referred to, and the second section provides, as does the first, that when "the charge and answers of the court to points" are filed, they shall be part of the record for the purpose of assigning the error. They are placed by this legislation on an equality, and no change has been made by the subsequent acts providing for the transcription of notes of testimony (Act May 24, 1887, P. L. 199), and for the taking of exceptions in all cases (Act May 11, 1911, P. L. 279, section 2).

It has been held uniformly that the Act of 1877 did not relieve from the necessity of requesting that the charge be reduced to writing and filed, a fact which must affirmatively appear of record, as noted above. There is no reason why a different rule should apply as to the points and answers. They are in effect one and the same. "A charge includes any and all final instructions addressed by the court to the jury for the purpose of governing their action in making or aiding to make a final disposition of the case in favor of one litigant or

the other": 11 C. J. 293.   Indeed, the special legal directions requested need not be answered at all, if they are incorporated in the charge itself: Lycoming Ins. Co. v. Schreffler, 42 Pa. 188; Davis v. Continental Ins. Co., 60 Pa. Superior Ct. 341.   That no distinction is to be drawn in so far as it is required that the request to file of record is concerned, seems to be assumed in our cases: Mackowski v. Phila. R. T. Co., supra; Ensminger v. Hess, 192 Pa. 432; Com. v. Sober, 22 Pa. Superior Ct. 22.   The necessity was expressly declared in Patton v. Allegheny L. & T. Co., 36 Pa. Superior Ct. 296.   The objections to the first three assignments must be held to be well taken.

Errors seven and eight are founded upon a refusal to make absolute a rule for a new trial.   No exception was taken, which is fatal: Com. v. Spencer, 6 Pa. Superior Ct. 256.   In addition, the motion and reasons, upon which the request was based, do not appear.   Under such circumstances, these assignments cannot be sustained: Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243; Walla v. Mifflin Township, 266 Pa. 139.

The appeal is quashed.