## Commonwealth *v.* Rickerson, Appellant.

*Appeals—Assignments of error—Defective assignments—Admission and rejection of evidence—Failure to quote—Failure to take exceptions.*

Assignments of error as to the admission of testimony will not be considered, which show no exceptions taken to the action of the court below in the matters of which complaint is made.

Assignments of error to the admission of testimony must show such action, ruling or decree of the trial judge as could have been excepted to, and in default of the same, there is no foundation for the assignment.

An assignment of error based upon the refusal of a new trial will not be considered, where it appears that no exception was taken to such refusal, and that the motion and reasons, upon which the request was based, do not appear in the record.

Argued October 27, 1921.   Appeal, No. 172, Oct. T., 1921, by defendant, from judgment of Q. S. Phila. Co., Aug. Sessions, 1920, No. 505, on verdict of guilty in the case of Commonwealth of Pennsylvania v. Charles C. Rickerson.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Appeal quashed.

Indictment for practicing medicine without a license. Before BARNETT, P. J., 41st Judicial District, specially presiding.

Motion by appellee to quash the assignments of error.

The opinion of the Superior Court states, in substance, the assignments.

*William M. Crowther,* and with him *James A. Walker,* for appellant.

*Charles Edwin Fox,* Assistant District Attorney, and *Samuel P. Rotan,* District Attorney, for appellee.

PER CURIAM, November 21, 1921:

The motion to quash the assignments of error must prevail. They exhibited absolutely no foundation upon which we could rest any judgment of this court save the one we are about to enter. By the first and second assignments the learned counsel for the appellant seeks a reversal of the judgment of the court below on a legal proposition which is the main and practically the only one involved in the case. These so-called assignments are but recitals in narrative form of some action said to have been taken by the court below, in permitting the district attorney to inquire of the defendant then on the stand, something concerning an alleged former conviction involving an adjudication of the material question for determination in the case at bar. The assignments disclose no action whatever taken by the trial judge. Indeed, when we turn to the printed notes of testimony they disclose no action taken by the judge and no necessity for such action. When the district attorney made the inquiry of the witness now complained of no objection was made by defendant's counsel, none by the defendant himself, no ruling of the court was involved or made and the witness voluntarily answered. The appeal comes from a judgment entered on the verdict after a trial before a jury. Manifestly, the Act of 1919 has no application to such a case. There was no motion made to strike out the testimony elicited by the question now complained of. The case was tried through on its merits before the jury. Even if then we regard the notes of testimony as a part of the record under the provisions of the Acts of 1911 and 1913, the appellant is not helped because they disclose no action whatever by the trial judge, no ruling, order or decree which could have been excepted to and, consequently, there is no foundation for any assignment of error on that subject.

The only remaining assignment is the refusal of the court to grant a new trial. The record discloses no exception whatever to the action of the trial judge in discharging the rule for a new trial. In the very recent case of Ward v. Babbitt, 270 Pa. 370, the Supreme Court, speaking through Mr. Justice SADLER, said: "Errors seven and eight are founded upon a refusal to make absolute a rule for a new trial. No exception was taken, which is fatal: Com. v. Spencer, 6 Pa. Superior Ct. 256. In addition, the motion and reasons, upon which the request was based, do not appear. Under such circumstances, these assignments cannot be sustained: Sikorski v. Phila. & R. Ry. Co., 260 Pa. 243; Walla v. Mifflin Township, 266 Pa. 139." The assignments of error are quashed and the appeal dismissed at the costs of the appellant.

The record is remitted to the court below and it is ordered that defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it that had not been performed at the time the appeal in this case was made a supersedeas.