## Commonwealth v. Borso

*Stanley J. Fehr and Lewis R. Long,* for Commonwealth.

*Russell C. Mauch,* for defendant.

PER CURIAM, June 9, 1947.—Geza Borso on May 8, 1947, was charged with the crime of murder and on June 2, 1947, an indictment charging him with murder was returned by the grand jury. The district attorney has announced that he will call the case for trial on June 9, 1947, which is the first day for the trial of cases after the meeting of the grand jury.

On June 3, 1947, defendant presented a petition praying that the murder indictment returned against him be quashed and that the entire array of petit

jurors summoned to appear on June 9, 1947, for the trial of cases be quashed. We allowed a rule to show cause why the relief requested should not be granted and this rule is now before us.

At the time the petition was filed, no jurors were in attendance, defendant had not been called upon to enter a plea, and the case had not actually been called for trial. Under such circumstances, the request for quashing the array of petit jurors was premature and we could properly deny such relief: In the Matter of Drawing of Panels of Grand and Petit Jurors, 91 Pa. Superior Ct. 229. If the only relief requested were quashing the array of petit jurors, we would be without power, for want of jurisdiction, to grant such relief under the circumstances: Ibid.

The request for quashing the array of petit jurors is joined with a request for quashing the indictment found by an unchallenged array of grand jurors. The indictment is attacked in the petition for the same reasons as underlie the challenge to the array of petit jurors. A single answer was filed to the petition for both requests for relief. Testimony was taken in support of the averments of the petition in a common record.

We have general power and jurisdiction at this time to dispose of the instant motion to quash the indictment. The two requests for relief are predicated on the same facts. Irregularities established at the common hearing require each relief at an appropriate time. The array of petit jurors is called to appear in court on the day of the rendition of this opinion. On this day, defendant could challenge the array of petit jurors and disposition of the question would immediately become necessary. Under such circumstances, we do not feel that one prayer for relief in the petition should be granted and the other denied. A court may have power to hear one matter and not have power to hear another matter when independent proceedings are

involved, but where the two matters are heard and requested to be disposed of together and are so related that a disposition of one would also be the basis for disposition on the merits of the other, the court under such circumstances may dispose of both on a consideration of the entire record: Chapin v. Pennsylvania Labor Relations Board, 356 Pa. 577.

Defendant's reasons assigned for relief may be summarized to be: (1) That counsel for defendant inquired for the certified list for 1947 jurors in the prothonotary's office and that the same was not filed, recorded or docketed in said office; (2) that Clarence O. Moyer and Evans C. Miller, jury commissioners, are serving their fourth and third successive four-year terms, respectively, in violation of the Act of April 10, 1867, P. L. 62, sec. 1, 17 PS §941 providing no jury commissioner shall be eligible for reëlection more than once in any period of six years; (3) that the indictment returned against defendant was returned by a grand jury panel illegally drawn and empanelled; (4) the jury commissioners before acting in their official capacity had not taken the special oath required, in addition to the county official oath, as required by the Act of March 18, 1874, P. L. 46 §4, 17 PS 986 and Act of April 14, 1834, P. L. 333, §87, 17 PS §943 note; (5) that the persons filling the jury wheel did not file a certified 1947 jury list in the prothonotary's office, and (6) that the drawing of grand jurors and of petit jurors for the current term of criminal court was illegal and was made without authority.

Jury Commissioner Moyer testified he was serving for the fourteenth consecutive year after taking official county officers' oath for his fourth term as Jury Commissioner of Northampton County. Jury Commissioner Miller testified he was serving for the ninth year after taking the official county officers' oath for his third consecutive four-year term as Jury Commissioner of Northampton County. Such facts under the law are

no cause for the relief requested by defendant. The array of petit jurors in a murder case will not be quashed because of an alleged illegality of tenure of office of a jury commissioner if it appears that such commissioner holds his office under color of an election by the people and has actually entered upon it and is performing its duties. In such case he is a jury commssioner de facto, and, as against everybody except the Commonwealth, he is a jury commissioner de jure: Commonwealth v. Clemmer, 190 Pa. 202. The fact that the grand jury was selected or drawn by de facto officers does not render the grand jury illegal or incompetent to act: 28 C. J. 776, §32; 24 Am. Jur. 846, §20; Commonwealth v. Valsalka, 181 Pa. 17. The title of a jury commissioner de facto cannot be attacked collaterally, as defendant attempts to do in the case at bar, but can be questioned only by a writ of quo warranto at the instance of the Commonwealth: Commonwealth v. Clemmer, supra; 24 Am. Jur. 846, §20, supra. In order, however, that all laws referable to juries be fully observed in the future, we suggest that the district attorney promptly institute a proceeding of quo warranto to determine the right of the incumbent jury commissioners to hold said office.

A motion to quash an indictment must be made with diligence. It has been said that the motion to quash should be made at the first opportunity after indictment: Commonwealth v. Magid and Dickstein, 91 Pa. Superior Ct. 513, 516. The motion must be made before defendant enters a plea: Commonwealth v. Weaver, 61 Pa. Superior Ct. 571; Commonwealth v. Freeman, 166 Pa. 332; Act of March 31, 1860, P. L. 427, sec. 53, 19 PS §832.

If the objection is not raised before plea or trial, all defects or irregularities with reference to the jury are waived and it is for this reason that in all trials heretofore held all irregularities and errors in jury process were waived and cured by verdict or by plea:

McPeek v. Shafer, 120 Pa. Superior Ct. 425, 433; Act of March 31, 1860 P. L. 427, sec. 53, 19 PS §832, supra; Act of February 21, 1814, P. L. 60, 6 Sm. L. 111, sec. 1, 12 PS §711. If a party enters a plea, goes to trial or agrees to try the case on its merits without objecting to errors in jury process, it shows that he is content to be tried by the jury selected without inquiry as to whether the strict requirements of the law were observed and after he has taken his chance with the jury he can no longer complain: Commonwealth v. Freeman, supra.

Defendant has acted with diligence. He endeavored to see the 1947 jury list at the proper office and it was not available before the grand jury met. He never recognized the indictment as valid but immediately challenged its validity. He petitioned to have the indictment quashed the day following its return. He entered no plea. He has not agreed to go to trial at this term of court.

Section 3 of the Act of March 18, 1874, P. L. 46, 17 PS §986, requires that a certified list of jurors be filed of record in the office of the prothonotary. The testimony establishes that a jury list, not certified, was deposited with the prothonotary, stamped "Filed November 26, 1946" but was not indexed or marked "filed" on any of the records in the prothonotary's office. It was lodged in a desk drawer. Defense counsel on May 29, 1947, had three deputies in the office search for the jury list among the records and none was able to find the same. The prothonotary was asked for an exhibition of the jury list and he could not find it. Prior to the time of the filing of the instant petition, the paper was not deposited in the place where such a jury list was usually kept. It was testified that the jury list, as a mislaid document, was not found until the day after the indictment had been found by the grand jury, so that defendant's counsel had no opportunity to compare the names of the grand jurors with the names on the uncertified jury list. This irregular-

ity prevented access to the list by interested parties. A properly certified jury list lodged for filing but not filed of record in the prothonotary's office is not ground for quashing an indictment, if the court and parties interested had access to it: Klemmer v. Mount Penn Gravity Railroad Co., 163 Pa. 521. This, however, is not our case. When the Act of March 18, 1874, P. L. 46, sec. 3, requires a certified list of jurors to be filed of record in the office of the prothonotary, it is an important provision in our jury law. A list of jurors regularly certified and filed by the proper offices is prima facie evidence that all the persons whose names appear on it were duly selected. A fair construction of the act requires such a holding: Commonwealth v. Valsalka, supra, 81; In the Matter of Challenge to Certain Grand Jurors, 23 Pitts. L. J. 73. Such certificate is an authentication evidential of compliance with the provisions of the law respecting the selection and preparation of the list: 35 C. J. 264, §219.

A lack of certification has been held amendable after a motion to quash was made so that the jury commissioners might truthfully certify according to the facts, provided the filling of the wheel had been done according to law. Jury Commissioner Moyer testified he helped fill the wheel but was not personally present at the time because he was confined to the hospital. In filling the jury wheel qualified electors from the whole county at large must be selected alternately by the persons filling the jury wheel: Act of April 10, 1867, P. L. 62, sec. 2, 17 PS §942. It is apparent that the persons who participated in filling the wheel did not make alternate selections as required, but submitted separate lists of names which names were thereupon deposited in the jury wheel. The use of separate lists of names by each person who participates in filling the wheel when names are deposited in the jury wheel is not alternate selection: Kell et al. v. Brillinger, 84 Pa.

276; Klemmer v. Mount Penn Gravity Railroad Co., supra, 532; and is a fatal defect in substance.

Furthermore, the testimony discloses both jury commissioners merely took the general county officers' oath of office and did not take the additional oath prescribed by the Act of April 10, 1867, P. L. 62, sec. 3, 17 PS §943, to be taken before filling the jury wheel. The latter oath is set forth in section 87 of the Act of April 14, 1834, P. L. 333, 17 PS §943 note, where it is provided:

"You, and each of you do (swear or affirm) that you will use your utmost endeavors and diligence in making an impartial selection of competent persons for jurors for the ensuing year, and that you will not suffer partiality, favor, affection, hatred, malice or ill will, in any case or respect whatever, to influence you in the selecting, drawing or returning of jurors; but that you will in all respects, honestly conform to the true intent and meaning of the Acts of Assembly in such case made and provided."

The general rule is that where jury commissioners are required to take an oath before entering upon the discharge of their duties, they are not qualified to act until they have done so: 35 C. J. 260, §207. The complete failure to take such oath or a substantially equivalent oath of qualification for filling the jury wheel and for drawing jurors is ground for a motion to quash the indictment, if promptly made: Commonwealth v. Byrne, 1 Kulp 378; Commonwealth v. Rush et al., 11 Lanc. 164; Klemmer v. Mount Penn Gravity Railroad Co., supra; and it is also ground for quashing the array if the motion is made before the entry to a plea: Commonwealth v. Hoffstot, 58 Pitts. L. J. 379.

Although no complaint is contained in the petition with reference to the custody of the jury wheel, the testimony developed serious irregularities with reference to its custody. The Act of April 10, 1867, P. L. 62, sec. 2, 17 PS §942, prescribes that the jury wheel

properly sealed and locked "shall remain in the custody of the said jury commissioners." The act does not intend that the jury commissioners should carry the jury wheel to their private residences: Rolland and Johnston v. Commonwealth, 82 Pa. 306, 320. It is sufficient if it is kept in a vault of one of the public offices where only the jury commissioners or their clerk have access to it: 35 C. J. 266, §222; Commonwealth v. Valsalka, supra.

Jury Commissioner Moyer testified the jury wheel was kept in a vault "in charge of the county commissioners", that it was the "county commissioners' vault" and that the vault was opened at times other than at the request of the jury commissioners. There is no proof that the jury commissioners have a key to the vault but there is proof of the existence of a key for others to use this vault. The testimony discloses "united custody", which has been condemned by our appellate courts. Some provision should be promptly made by the county commissioners to obtain a place for the storage or custody of the jury wheel in conformity with law. Proper custody of the jury wheel is imperative under the statute.

We need not emphasize whether the various provisions of the law which have not been adhered to are respectively mandatory or directory in nature. Suffice it to say the legislature in passing the the laws referable to filling the jury wheel cannot be regarded as a mere advisory board to persons performing the duties of jury commissioners and to persons filling the jury wheel and charged with the duty to keep it in proper custody. Provisions which prescribe or bear upon the substance of any duty are mandatory; and provisions which bear merely on the manner of its performance are directory, requiring substantial compliance: Commonwealth v. Zillafrow, 207 Pa. 274. Substantial compliance with statutory provisions with regard to the performance of duties of jury commissioners and with

the law are always necessary, and a disregard as we have in the matter before us of material provisions which make up the essential features of the jury system is ground for challenging the array and for quashing the indictment even though there is no affirmative proof that any injury has resulted therefrom: 35 C. J. 268, §225. See also Kell et al. v. Brillinger, supra, 278.

And by reason of our findings and order, all names now contained in the jury wheel shall be taken out, and a new selection of persons shall be made to fill the jury wheel for the remainder of the current year. An appropriate order by the Court of Common Pleas of Northampton County will be duly made under the authority vested by the Act of March 18, 1874, P. L. 46, sec. 1, 17 PS §983.

Our order is not a disposition of this case on its merits. It delays a trial of defendant for the offense of which he is accused. Allowing a motion to quash an indictment does not bar a subsequent prosecution: 15 Am. Jur. 49, §374. There is also authority that when a bill of indictment has been quashed, the charge may be resubmitted by order of court, on motion of the prosecuting attorney, to a subsequent grand jury: 27 Am. Jur. 599, §18. The district attorney also has a right of review of our order allowing defendant's motion to quash the indictment. What choice he will pursue is a matter for his determination and judgment. We direct that defendant remain in custody pending further action on the part of the district attorney and further proceedings according to law.

And now, June 9, 1947, the rule to show cause why the indictment in the case of Commonwealth v. Borso should not be quashed and why the array of petit jurors called to assemble June 9, 1947, should not be quashed for the case of Commonwealth v. Borso is made absolute; and it is ordered that said indictment be quashed and that said array of petit jurors for said case be quashed. Defendant is directed to be held in custody for further proceedings according to law.